The State v. Gee.

THE STATE v. GEE, *Appellant.*

1. **Murder:** MANSLAUGHTER: SELF-DEFENCE: INSTRUCTIONS. A series of instructions upon the law of murder, manslaughter, and self-defence, approved.

2. **Evidence:** PROVINCE OF JURY. As a general rule positive testimony will outweigh that which is negative in its character, but it is for the jury to determine what weight they will give to all the testimony under the circumstances of a particular case.

*Appeal from Cedar Circuit Court.*—HON. CHARLES G. BURTON, Judge.

AFFIRMED.

The defendant was indicted for murder in the first degree, and on trial was convicted of murder in the second degree, and his punishment assessed at imprisonment in the penitentiary for the term of fifteen years. The court instructed the jury as follows:

"1. The court instructs the jury that the defendant is presumed to be innocent of the offence charged. That before you can convict him, the state must overcome that presumption by proving him guilty beyond a reasonable doubt. If you have a reasonable doubt of defendant's guilt, you must acquit him. But a doubt to authorize an acquittal must be a substantial doubt, founded on the evidence, and not a mere possibility of innocence.

"2. The jury are the sole judges of the credibility of the witnesses, and of the weight to be given to their testimony. In determining such credibility and weight, you will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial, his relation to or feelings toward the defendant or the deceased, the probability or improba-

bility of his statements, as well as all the facts and circumstances given in evidence. In this connection you are further instructed that if you shall believe that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all, or any portion, of such witness' testimony.

"3. If you shall believe, from the evidence, beyond a reasonable doubt, that the defendant, at the time and place mentioned in the indictment, with a pistol, wilfully, deliberately, premeditatedly, and of his malice aforethought, shot and killed Peter Minnick, you will find him guilty of murder in the first degree, and so say in your verdict.

"4. If you shall believe, from the evidence, beyond a reasonable doubt, that the defendant, at the time and place mentioned in the indictment, with a pistol, wilfully, premeditatedly, and of his malice aforethought, but without deliberation, shot and killed Peter Minnick, you will find him guilty of murder in the second degree, and assess his punishment in the penitentiary for a term not less than ten years.

"5. Wilfully means intentionally, not accidentally. In the absence of qualifying facts or circumstances, the law presumes that a person intends the ordinary and probable result of his acts. If you shall believe, from the evidence, that the defendant, with a pistol, shot Minnick in a vital part and killed him, you will find that the defendant intended to kill him, unless the facts and circumstances given in evidence show to the contrary.

"6. Deliberately means in a cool state of the blood. It does not mean brooded over or reflected upon for a week, a day, or an hour, but it means an intent to kill, executed by the defendant, in a cool state of the blood, in furtherance of a formed design to gratify a feeling of revenge, or to accomplish some other unlawful purpose.

and not under the influence of a violent passion, suddenly aroused by some provocation.

"7.   Premeditatedly means thought of beforehand for any length of time, however short.

"8.   Malice, as used in the indictment, does not mean mere spite, ill-will, or dislike, as it is ordinarily understood, but it means that condition of the mind which prompts one person to take the life of another without just cause or justification, and it signifies a state of disposition which shows a heart regardless of social duty, and fatally bent on mischief.   Malice aforethought means that the act was done with malice and premeditation.

"9.   If you shall believe, from the evidence, that the defendant shot and killed Minnick while he, the defendant, was in a violent passion, suddenly aroused by opprobrious epithets, or abusive words spoken by Minnick to defendant, then such shooting and killing was not done with deliberation, and was not murder in the first degree.   On the other hand, although defendant shot and killed Minnick while the defendant was in a violent passion, suddenly aroused by opprobrious epithets or abusive words spoken to him by Minnick, yet if such shooting and killing was done wilfully, premeditatedly, and of his malice aforethought, as heretofore explained, then defendant was guilty of murder in the second degree.

"10.   If you shall believe, from the evidence, that the defendant shot and killed Minnick, while the defendant was in a violent passion, suddenly aroused by reason of Minnick having shoved or struck him with his hand or fist, you cannot find him guilty of murder in either degree, for in that case the law presumes that such shooting and killing was not done of defendant's malice, but by reason of such passion.   On the other hand, although you may believe that defendant shot and killed Minnick while in a violent

passion, suddenly aroused by a shove or a blow from Minnick, yet, if you shall further believe, from the evidence, that such shooting and killing was not done in self-defence, as hereinafter explained, you will find him guilty of manslaughter in the fourth degree.

"11. If you find the defendant guilty of manslaughter in the fourth degree, you will assess his punishment at imprisonment in the penitentiary for two years, or by imprisonment in the county jail not less than six months, nor more than twelve months; or by a fine of not less than five hundred dollars, nor more than one thousand dollars; or by both a fine of not less than one hundred dollars and imprisonment in the county jail not less than three months.

"12. Although you may believe, from the evidence, that defendant shot and killed Minnick; yet, if you shall further believe, from the evidence, that such shooting and killing was done in self-defence, as hereinafter explained, you will acquit him.

"13. Upon the question of self-defence, the court instructs you that if at the time defendant shot Minnick, he, the defendant, had reasonable cause to apprehend a design, on the part of Minnick, to take his life, or do him some great personal injury, and that there was reasonable cause for him to apprehend immediate danger of such design being accomplished, and that to avert such apprehended danger, he shot, and that at the time he shot he had reasonable cause to believe, and did believe, that it was necessary for him to shoot and kill to protect himself from such apprehended danger, you will acquit on the ground of self-defence. It is not necessary that the danger should have been actual or real, or that the danger should have been impending and about to fall. All that is necessary is that defendant had cause to believe, and did believe, those facts. On the other hand, it is not

enough that defendant should have so believed. He must have had reasonable cause to so believe. Whether or not he had reasonable cause is for you to determine, under all the facts and circumstances given in evidence. If you shall believe, from the evidence, that defendant did not have reasonable cause to so believe, you cannot acquit him on the ground of self-defence, although you may believe that the defendant really thought that he was in danger.

"14. The court instructs the jury that flight raises the presumption of guilt. And if you believe, from the evidence, that the defendant, after having shot and killed Minnick, as charged in the indictment, fled the country, and tried to avoid arrest and trial, you may take that fact into consideration in determining his guilt or innocence.

"15. If you find defendant not guilty, you will so say in your verdict.

*Stratton & Stone* for appellant.

(1) Manslaughter in the fourth degree, in this state, is the same as manslaughter at common law. Manslaughter at common law is where a person kills another upon a sudden transport of passion, or heat of blood upon a *reasonable* provocation. *State v. Edwards*, 70 Mo. 480; *State v. Holmes*, 54 Mo. 165; *State v. Ellis*, 74 Mo. 215. (2) There was no evidence upon which to base the fourteenth instruction. The court failed to define manslaughter in the fourth degree, as it should have done. *State v. Branstetter*, 65 Mo. 149. The verdict is not supported by the evidence. The Supreme Court will grant a new trial, if the conviction was not warranted by the evidence. *State v. Marshall*, 47 Mo. 378; *State v. Bond*, 1 Mo. 585; *State v. Mansfield*, 41 Mo. 470; *State v. Connell*, 49 Mo. 282; *State v. Packwood*, 26 Mo. 340; *State v. Burgdorf*, 53 Mo. 65.

*B. G. Boone,* Attorney-General, for the state.

(1) Instruction number four properly defines murder in the second degree. *State v. Wieners,* 66 Mo. 13. Instruction number nine is a correct declaration of the law of the case. *State v. Testerman,* 68 Mo. 408; *State v. Lane,* 64 Mo. 319. Instruction number ten correctly defines manslaughter in the fourth degree. R. S., sec 1249; *State v. Branstetter,* 65 Mo. 149. (2) Instruction number fourteen was proper. Evidence of flight is always competent. *State v. King,* 78 Mo. 555.

SHERWOOD, J.—The defendant was indicted for murder in the first degree. Being tried, he was found guilty of murder in the second degree, and his punishment assessed at imprisonment in the penitentiary for the term of fifteen years. The circumstances detailed in evidence afforded sufficient basis for finding the defendant guilty of either degree of murder, or of manslaughter in the fourth degree, or of acquitting him on the ground of self-defence, and the instructions which the court gave placed the matter before the jury in the fairest possible light for the defendant, and he is without any just ground of complaint on that score.

Instruction number nine put the case to the jury on the theory of murder in the second degree, and instruction number ten was based on the theory of manslaughter in the fourth degree, detailing the facts, which, if proven by the evidence, would warrant the latter finding. It is impossible that the jury could have been misled as to what were the constituent elements of that degree of homicide. And it was proper that the court should base an instruction on the testimony of Moss, who did not see Minnick strike defendant a blow, or push him, before the fatal shot was fired, but did hear Minnick use abusive

words to defendant before the latter shot him. The testimony of Moss, although in some sense of a negative character, he having, however, full opportunity of seeing the blow struck, if one was struck, was entitled to go to the jury for what it was worth, in connection with that of other witnesses, who spoke of abusive words, and was sufficient to base instruction number nine upon, notwithstanding several other witnesses testified that Minnick, at, or about, the time of using the words, also struck the defendant a blow, or blows. Although, as a general rule, positive testimony will outweigh that which is negative in its character, nevertheless, to the jury belongs the duty of determining for themselves what weight, considering all the circumstances, they would attach to the testimony of the various witnesses on the point in question. *Reeves v. Poindexter*, 8 Jones (N. C.) 308; *Henderson v. Crouse*, 7 *Ib.* 623; *State v. Phair*, 48 Vt. 366; Wharton on Crim. Evid., sec. 382; 1 Stark. on Evid., sec. 517.

It was proper, also, for the court to base instruction number ten alone on the hypothesis of blows having been given, and heat of passion engendered therefrom.

Finding no error in the record we affirm the judgment. All concur.