THE STATE v. HICKS, *Appellant.*

1. **Criminal Law**: INSTRUCTIONS: MURDER: DECLARATIONS OF DEFENDANT: CREDIBILITY OF WITNESSES: SELF-DEFENCE. A series of instructions on the subject of declarations made by defendant after the fatal act, the credibility of witnesses, and self-defence, given on a trial for murder, examined and approved.

2. **Practice**: CONFLICT OF EVIDENCE. Where there is sufficient evidence to justify the submission of a case to the jury, it is for them, and not the court, to pass upon any conflict in the testimony.

3. ——: OBJECTIONS: EXCEPTIONS: REMARKS OF PROSECUTING ATTORNEY. Where no objections are interposed to remarks of the prosecuting attorney at the time they were made, the point will not be considered in the appellate court. The rule as to mere matters of exception is the same in criminal as in civil cases.

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*E. A. Seay* and *O. H. Travers* for appellant.

The verdict is not sustained by the testimony, and the judgment should be reversed. Instruction number ten is clearly not the law. It assumes that defendant invited or brought on the difficulty. Defendant had a right to arm himself. The deceased had threatened him and the nature of the threats had been communicated to defendant. It is evident from the testimony that it was the intention of deceased to provoke a difficulty with defendant and there is absolutely no testimony that defendant invited the difficulty, or put himself in the way of the deceased. *State v. Sloan*, 47 Mo. 604. Deceased threatened to kill defendant at various times. He threatened him on the day of the killing. Defendant was aware of these threats. It was not required that defendant should wait till the deceased made an actual

assault upon him. The purpose of deceased could have been ascertained by defendant from the actions of deceased, and defendant could determine the purpose of deceased by conduct falling short of personal violence. *State v. Eaton*, 75 Mo. 593. There was no testimony warranting the giving of instruction number five on behalf of the state. There was no basis for it. The prosecuting attorney in his argument told the jury it was intended to destroy the testimony of Hicks' bartender. *State v. Palmer*, 88 Mo. 568. By authority of the last cited case, instruction number four, asked for by defendant, should have been given.

*B. G. Boone*, Attorney General, and *V. M. Hines* for the state.

(1) The fifth instruction is as to the weight of the evidence and the credibility of witnesses, and has uniformly received the approval of this court. *State v. Kelley*, 73 Mo. 608; *State v. McGinnis*, 76 Mo. 328; *State v. Wisdom*, 84 Mo. 190; *State v. Thomas*, 78 Mo. 341; *State v. Gee*, 85 Mo. 647. (2) The seventh instruction for the state properly declared the law, and was applicable to this case, because defendant introduced witnesses to prove what defendant had said about the difficulty several days after its occurrence. *State v. Green*, 13 Mo. 392; *State v. Bryant*, 55 Mo. 77; *State v. Ware*, 62 Mo. 597; *State v. Evans*, 65 Mo. 579; *State v. Christian*, 66 Mo. 138; *State v. Halcomb*, 86 Mo. 378. (3) The tenth instruction covers every phase of the doctrine of self-defence applicable to this case, under the evidence, and in the same language here used, has been approved by this court. *Vide* instruction number seven in *State v. Thomas*, 78 Mo. 339. (4) The instructions asked by defendant and refused, numbered from one to eight inclusive, are, in the main, incorrect and improper declarations of law, or repetitions of instructions already

given.  For these reasons they were properly refused. It will appear, from an inspection of the instructions, that the law was fully and clearly declared upon every phase of the case presented by the evidence.  (5) As to the alleged improper remarks of the prosecuting attorney and one John D. Young, who assisted in the prosecution, it is sufficient to say that, if error, the attention of the trial court was not called to them at the time, nor was any objection made before the filing of the motion for a new trial.  It is too late to make such objections for the first time in the motion for a new trial.  *State v. Forsythe*, 89 Mo. 667.  The rule is the same in criminal as in civil cases, as to mere matters of exception. R. S., sec. 1921.  To entitle defendant's complaint to a consideration he should have made and preserved objections to the remarks at the time, as well as put it in his motion for a new trial.  *State v. McDonald*, 85 Mo. 539, and cas. cit.  Besides, the remarks alleged to have been made were not such as to prejudice defendant, and even if timely exceptions had been made he would not be heard to complain.  *State v. Guy*, 69 Mo. 430.

NORTON, C. J.—Defendant was indicted at the May term, 1885, of the Texas county circuit court, for murder in the first degree, for killing one R. E. Barnes. After various continuances, he was put upon his trial at the July term, 1886, of said court, and convicted of murder in the second degree, and sentenced to the penitentiary for ten years.  From this judgment he has appealed.  No exceptions were saved either as to the reception or rejection of evidence, but a reversal is sought because of alleged errors of the court in giving and in refusing to give instructions.  Of those given on behalf of the state, the following are pointed out by counsel as being objectionable, viz:

"7.  The court instructs the jury that what the de-
Vol. 92— 28

fendant said against himself, after the fatal act, the law presumes to be true, because said against himself, but what he said for himself, after the fatal act, in any different conversation, not proved by the state, the jury will disregard.''

"5.    The court instructs the jury that they are the sole judges of the weight of evidence, and the credibility of witnesses, and if you believe any witness has wilfully sworn falsely to any material matter in controversy, you should reject such false testimony, and are at liberty to disregard or reject the whole of such witness' testimony. In passing upon the testimony of any witness and the weight to be attached to his testimony, you should, in connection with all the other facts and circumstances proved, take into account the conduct and appearance of such witness upon the stand, his interest in the result of the trial, if any, the motives actuating him in testifying, the probabilities of the statements of such witness, and his inclination to speak truthfully or otherwise, as to matters within his knowledge.''

"10.    The court instructs the jury that the right of self-defence is a right which the law not only concedes, but guarantees, to all men. If the jury, therefore, believe that, at the time the defendant shot deceased, he had reasonable cause to apprehend, on the part of the deceased, a design to do him some great personal injury, and there was reasonable cause for him to apprehend imminent danger of such design being accomplished, and to arrest such apprehended danger, he shot, and at the time he did so, he had reasonable cause to believe, and did believe, it necessary for him to use his pistol in the way he did, to protect himself from such apprehended danger, then, and in that case, the shooting was not felonious, but was justifiable, and you should acquit the defendant on the ground of necessary self-defence. It is not necessary to this defence that the danger should have been actual or real, or that it should have been

impending, and immediately about to fall. All that is necessary is, that defendant had reasonable cause to believe, and did believe, these facts. However, before you acquit, on the grounds of self-defence, you ought to believe that defendant's cause for apprehension was reasonable. Whether the facts constituting such reasonable cause have been established by the evidence, you are to determine, and unless such facts have been established by the evidence in the cause, you cannot acquit, in such case, on the ground of self-defence, even though you may believe that the defendant really thought he was in danger. On the other hand, the law does not permit a person to voluntarily seek or invite a combat, or put himself in the way of being assaulted, in order that when hard pressed he may have a pretext to take the life of his assailant. The right of self-defence does not imply the right of attack, and it will not avail in any case where the difficulty is sought for and induced by the party' by any wilful act of his, or where he voluntarily, and of his own free will, enters into it, no matter how imminent his peril may become during the progress of the affray. The necessity, being of his own creation, shall not operate to excuse him. Nor is any one justified in using more force than is necessary to get rid of his assailant. But if he does not bring on the difficulty nor provoke it, nor voluntarily engage in it, he is not bound to flee to avoid it, but may resist, with adequate and necessary force, until he is safe. If you believe, from the evidence in this cause, that defendant voluntarily sought or invited the difficulty, in which Barnes lost his life, or that he provoked, or commenced, or brought it on, by any wilful act of his own, or that he voluntarily entered into the difficulty, of his own free will, then you are not authorized to acquit him on the grounds of self-defence. This is true, no matter how violent his passion became, or how hard soever he was pressed, or how imminent his peril became during the affray. In determining who

provoked or commenced the difficulty, or made the first assault, you should take into consideration all the facts and circumstances in evidence before you."

No attempt has been made by counsel, in their brief, to show wherein either of the above instructions is erroneous, and we perceive no error in them. The fifth instruction has, in effect, received the sanction of this court in the following cases: *State v. Gee*, 85 Mo. 647; *State v. Wisdom*, 84 Mo. 190; *State v. McGinnis*, 76 Mo. 326; *State v. Jones*, 86 Mo. 623. As to the seventh instruction, the direction to disregard what defendant said for himself, in any conversation after the fatal act, not proved by the state, was warranted by the cases of *State v. Bryant*, 55 Mo. 77; *State v. Evans*, 65 Mo. 579; *State v. Christian*, 66 Mo. 138. The tenth instruction is a copy of one fully approved in the case of *State v. Thomas*, 78 Mo. 341.

The defendant asked of the court fourteen declarations of law, eight of which were refused, and six given. Those given are as follows:

"9. The jury are instructed that any and all threats made by Barnes against Hicks, if any were made, which were not communicated to Hicks, should be considered by the jury, in determining what were Barnes' intentions at the time he entered into the difficulty with Hicks, if he did enter into a difficulty with him."

"10. If the jury believe that the defendant acted in a moment of apparently impending peril of his life, or great personal injury, and did not himself, voluntarily, enter into the difficulty, the law does not require him to gauge or measure the proper *quantum* of force necessary to repel the assault of the deceased, but he may use whatever force is reasonably necessary, to free himself of the impending peril he is placed in."

"11. If the jury believe, from the evidence, that the deceased began the difficulty with the defendant, by calling him a liar, and striking him, and followed up the

difficulty thus begun by knocking the defendant down, then the defendant had the right to use such means as were within his reach, and all the energies under his control, which were apparently necessary, to protect himself from great personal injury, at the hands of the deceased."

"12. The jury are instructed that the burden of proof, to establish the guilt of the defendant, devolves upon the state throughout, and that the law clothes the defendant with the presumption of innocence, which attends and protects him, until it is overcome by evidence which shows his guilt, beyond a reasonable doubt. It is not sufficient, in this case, to justify a verdict of guilty, that there may be strong suspicions of his guilt, but the testimony must be of such a nature, when you have considered it all, you find a clear conviction of defendant's guilt. This much is required by the law. If this much has not been proven, you will acquit the defendant."

"13. The court instructs the jury that if they believe, from the evidence, that Barnes, the deceased, brought on the difficulty, and struck the first blow, then the defendant had the right to resist such assault, and to use such force as was apparently necessary for that purpose. And if the jury believe, from the evidence, that Barnes was physically larger and stronger than the defendant, and that, by reason of such superior strength, he, in the difficulty, knocked the defendant down, two or three times, and then jumped upon him, and the defendant had reasonable grounds to apprehend that the deceased, Barnes, was about to inflict upon him death, or great bodily harm, and that such danger was then impending, or about to fall upon him, and he had no means to effectually protect himself from such impending danger at the hands of Barnes, without the use of a deadly weapon, then the defendant was justified in shooting the deceased, if such shooting was reasonably necessary to protect himself from such impending harm."

"14.   If Barnes had threatened to kill Hicks, or inflict great personal injury upon him, and such threats had been communicated to Hicks, then Hicks had a right to arm himself with a pistol, or otherwise, to defend himself against such threatened personal injury; and if Barnes assailed Hicks, after making such threats, and after such threats had been communicated to Hicks, if such threats were made and communicated to Hicks, then Hicks had the right to use any force at his command that was reasonably necessary to repel the assault of Barnes, if Barnes assaulted him, and even to kill Barnes, if reasonably necessary, or apparently so, to preserve his life, or prevent great personal injury being inflicted upon him."

The above instructions put the case of defendant fairly before the jury, and it is only necessary to say of the eight instructions asked and not given, that they were properly refused, on the ground that, in so far as they contained correct declarations of law, they were embraced in the above six instructions, that were given.

There was the usual conflict of evidence, as to who brought on the last encounter, which ended in the tragedy, but there was sufficient evidence to justify the court in submitting that question to the jury, as was done in the tenth instruction, given on behalf of the state, and in those given for defendant. It was for the jury, and is not for us, to deal with this conflict.

It is further objected that the prosecuting attorney made certain objectionable remarks, in his closing speech to the jury.   No objection was interposed at the time they were alleged to have been made, and, for that reason, will not be considered here, the rule as to matters of exception being the same in criminal as in civil cases. *State v. McDonald*, 85 Mo. 539.

The court gave instructions as to murder in the first and second degrees, and manslaughter in the fourth de-

gree, and no complaint was made, in the court below, nor is any made before this court, that the evidence applied to any other grades of homicide than those upon which instructions are given.

We find no error in the record justifying an interference with the judgment, and it is hereby affirmed, with the concurrence of Ray, J.; Black, J., files a separate concurring opinion; Brace and Sherwood, JJ., dissent.

BLACK, J., CONCURRING.—In the case of *State v. Partlow*, 90 Mo. 608, no instructions were given of an offence below the grade of murder in the second degree, and the instructions upon self-defence were in no way qualified by any instructions as to manslaughter. Here the court gave the following instruction:

"If you believe and find, from the evidence in this cause, that said R. E. Barnes first assaulted the defendant, or that defendant entered into a difficulty with no design to use his pistol, and while under the influence of violent passion, aroused by the acts and conduct of said R. E. Barnes, he drew his pistol during the altercation and fatally shot and killed deceased, but not in a cruel or unusual manner, without malice, as defined in these instructions, whether with or without intent to kill, and that he did this under such circumstances as did not justify him upon the ground of self-defence, then you should convict defendant of manslaughter in the fourth degree, and assess his punishment at imprisonment in the penitentiary for two years, or by imprisonment in the county jail not less than six months, or by a fine of not less than five hundred dollars, or by both a fine of not less than one hundred dollars, and imprisonment in the county jail, not less than three months."

In this case, the evidence shows that defendant and deceased had a quarrel, and came to blows, on the side-

walk, and were separated by other persons.   The bulk
of the evidence tends to show that, after being separated,
the defendant renewed the contest, and there is no ques-
tion in the case of an effort on the part of the defendant
to withdraw from the contest, after it had commenced.
In view of this instruction, and the evidence in the case,
I cannot see that there is any conflict in the rules of law
upon which this case was tried and those applied in the
*Partlow case, supra,* and, therefore, concur in affirming
the judgment.