## RIGGS, *Plaintiff in Error*, v. OWEN.

### Division Two, February 13, 1894.

1. **Deed of Trust:** SALE: COURTHOUSE DOOR.  A sale required by a deed of trust to be made at the courthouse door may be made at a building which has been selected and is occupied as a courthouse, the courthouse proper having been destroyed or abandoned.

2. ————: TRUSTEE: EQUITY OF REDEMPTION.  The fact that the trustee in a deed of trust executed to secure a note omitted to indorse thereon the amount of the bid of the payee by whom the land was bid in is immaterial in a suit to redeem by a purchaser of the equity of redemption under a sheriff's sale.

3. **Practice:** JUDGE SITTING IN ANOTHER CIRCUIT: STATUTE.  Where a judge holds court in another circuit than his own, it will be presumed, in the absence of a contrary showing, that he has been called in by the judge of such circuit to hold court as authorized by Revised Statutes, 1889, section 3322.

*Error to DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*S. G. Loring* for plaintiff in error.

(1) Under the evidence in the case there never has been a foreclosure of this deed of trust from Cummings and wife to Glazier as trustee for defendant Owen, in proof.  The rule is well recognized in this state that sales made by trustees under the naked power contained in deeds of trust must be made in strict compliance with the terms and conditions contained in the deed of trust or they are void.  *Wolf v. Ward*, 104 Mo. 151; *Daviess v. Hess*, 103 Mo. 39; *Brinkerhoff v. Vincenz*, 52 Mo. 441; *Ttaffill v. Shroeder*, 62 Mo. 147.  (2) The court erred in permitting Judge

SPENCER to pass on and overrule plaintiff's motion for a new trial in this case.

*Stephen S. Brown* for defendant in error.

(1) The petition states that a portion of the building at a door of which the land is alleged to have been sold, was at the time "temporarily used as a courthouse." This is equivalent to an assertion that it was "the house provided by the county for the purpose, in which are held the various sessions of the courts of the county, and in which are generally the offices of the county officials; for that is the meaning usually and ordinarily given to the term 'courthouse in a county of Missouri.'" *Schanewerk v. Hoberecht,* 22 S. W. Rep. (Mo.) 949; *Hambright v. Brockman,* 59 Mo. 52. (2) And such a building is the "courthouse," within the meaning of the provisions of the deed of trust, and a sale at its door would be valid. *Hambright v. Brockman, supra; Napton v. Hurt,* 70 Mo. 497; *Stewart v. Brown,* 112 Mo. 171. (3) Judge GOODMAN had the right to call Judge SPENCER in if for any cause the former was unable to hold the term of court or any part of it. R. S. 1889, sec. 3322.

GANTT, P. J.—This is a suit in equity to redeem a tract of land lying in DeKalb county from a certain deed of trust executed by one Cummings and wife to Henry E. Glazier, trustee, on the third day of October, 1883, to secure a promissory note made by said Cummings to defendant, of the same date, for $1,200, with compound interest at the rate of ten per cent. per annum, and due one year after date. A sale was made by the trustee under the deed of trust, on the eleventh day of April, 1885, for the sum of $1,325, and it is the validity of that sale to foreclose the mortgagor's equity

of redemption, which is in question in this case.    The plaintiff claims the equity of redemption through a sheriff's sale of the interest of Cummings.

The petition states that the defendant caused Glazier, who was his agent and attorney and attended to his large mortgage and landed interests in DeKalb county, "to pretend to act as trustee in said deed of trust, and for the purpose of preventing competition, and to enable this defendant to bid in said lands at the amount of his debt, when in truth and fact, said land was then of the value of $3,000, to pretend to sell all the right, title, interest and estate of the said William Cummings in and to said land, not at the courthouse door, in the town of Maysville, for that building was destroyed by fire on the morning of December 25, 1878, and had never been rebuilt, neither at the courthouse door of the temporary courthouse, as required by said deed of trust, but at the court room door, said door being at the top of a very long and exceedingly steep and narrow stairway, and at said pretended sale, this defendant was the only bidder for all of said land, and said Glazier, as trustee aforesaid, pretended to strike off and sell all of said lands to him for the price and sum of $1,325; that this defendant did not pay the said Glazier, as trustee or otherwise, the said sum of $1,325 or any part thereof, neither was the said sum of $1,325 or any part thereof indorsed on said note, but that said sale was voluntary and made for the purpose of defrauding as aforesaid.    That said Glazier did not, prior to the eleventh day of April, 1885 (the day of said pretended sale) give thirty days' notice, public or otherwise, of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in said town, as required by said deed of trust, but that this defendant, in pursuance of said plan to cheat and defraud as afore-

said, caused said Glazier to advertise that said pretended sale would be made at the door of the circuit court room, a private door in the building, a portion of which was temporarily used as a courthouse."

The deed of trust provided that in case of default in the payment of the debt or interest or any part thereof, the trustee might proceed to sell the land therein described, "at public vendue, to the highest bidder, at the courthouse door in the town of Maysville, DeKalb county, Missouri, for cash, first giving thirty days' public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in the town of Maysville, and upon such sale shall execute and deliver a deed in fee simple of the property sold to the purchaser thereof, and receive the proceeds of said sale, and any statement of facts or recital by the said trustee in relation to the request to sell, nonpayment of the money secured to be paid, the advertisement, sale, receipt of the money and the execution of the deed to the purchaser, shall be received as *prima facie* evidence of such fact."

The trustee's deed from Glazier to Owen recites the default, the request to sell, the receipt of the purchase money, and all the other matters of which it is made *prima facie* evidence. The advertisement stated that the property would be sold "*at the door of the circuit court room,*" in said city. On the execution of the trustee's deed the defendant took possession of the lands in suit.

One Jones, through whom the plaintiff claims title to the equity of redemption, testified that the old DeKalb county courthouse was burned in December, 1878, and that the present courthouse was first occupied in the spring of 1886, and that between said dates the circuit court of said county was alternately held in

Mr. Glazier's hall and Mr. Orr's hall; that these halls were on the second floors, and the court room door was on the second floor with no door between the entrance to the stairway and the court room door. There was a long stairway opening from the street, going up to the second floor.

Glazier testified that the note secured by the deed of trust was never in his possession; that no money passed at the sale, and that he does not know whether a credit was entered on the note or not. The amount bid was not sufficient to pay it.

There was no evidence as to whether or not there was any other door than the circuit court room door in the building, "a portion of which was temporarily used as a courthouse," or as to what portion of the building was used as a courthouse excepting that the circuit court room was upstairs. Nor was there any evidence as to whether the sale took place at the foot or head of the stairs or the number of people present, or as to the value of the land.

The motion for a new trial was considered and overruled, at a March adjournment of the November term, 1889, of the DeKalb circuit court, and on the twenty-fourth day of March, 1890. The cause was tried at the April term, 1888, and taken under advisement to the October term, 1888, when judgment was entered for defendant. Up to April, 1889, DeKalb county was in the twelfth judicial circuit, of which Hon. O. M. Spencer was judge. At the last mentioned date it became, by legislative enactment, a part of the twenty-eighth judicial circuit, of which Hon. C. H. S. Goodman was judge. At the time the motion for a new trial was overruled, Judge Spencer, who was still judge of the twelfth judicial circuit, was presiding in the DeKalb circuit court and entered the order overruling said motion. At the time said order was

entered, evidence was introduced tending to show that Judge GOODMAN "was then present in open court in apparent perfect health." Plaintiff objected to said motion being considered and determined by Judge SPENCER. Said objection was overruled and Judge SPENCER directed the entry of the order overruling the motion, to all of which plaintiff excepted.

The right to redeem is sought on two grounds: *First,* that the equity of redemption of Cummings had never been foreclosed in pursuance of the terms of the deed of trust and had passed to plaintiff by his sheriff's deed. *Second,* that the trustee's deed did not convey the title because the trustee did not collect from the owner of the note, for the nonpayment of which he sold the land, and credit the bid on the note.

The third assignment pertains to a question of practice, as to the right of Judge SPENCER to hold the court instead of Judge GOODMAN, the regular judge.

I. We are very happily relieved in this case, of the state of facts which caused so much diversity of opinion in *Stewart v. Brown,* 112 Mo. 171. The courthouse of DeKalb county having been destroyed, the petition avers that the sale was made by the trustee at the door of the circuit court room, a private door in a building, a portion of which was temporarily used as a courthouse. There is no allegation or evidence that any other rooms in the town were being used as court rooms in said town or were known as such, or that there was any other door to the building "temporarily used as a court house," or what portion was so used, save that this court room was "upstairs." Nor is there any allegation or evidence that any bidders were misled by the notice or that the sale took place at the foot of the stairs or upstairs, nor was there any proof that the bid was not a fair and reasonable one for the land. We think that it appears from the petition and the evi-

dence that the place where this sale was made was the temporary courthouse provided to hold the circuit courts. It does not appear that any other place was provided for the other courts or that any other place was known as a courthouse in that county. We consider it settled that when a building is selected and occupied by the proper authorities as and for a courthouse when the courthouse proper is destroyed or is abandoned for any good cause, a sale required by a deed of trust to be made at the courthouse door may be made at such temporary courthouse so selected. *Hambright v. Brockman*, 59 Mo. 52; *Napton v. Hurt*, 70 Mo. 497; *Stewart v. Brown*, 112 Mo. 171. The sale in this case was made at the only door of the building so selected, so far as disclosed by the evidence, and we think was a compliance with the stipulation of the deed in this respect.

II. The fact that the trustee did not indorse the bid on the note is not material in this case. Neither the maker of the note nor any subsequent mortgagee or lienor is complaining. Of course, regularly it is the duty of the trustee to make the indorsement when the holder of the note makes the bid, but a failure to do so will not prevent the title passing. As this was the only use plaintiff sought to make of this failure and as he prayed for an accounting and offered to pay all that was due, the mere failure to credit the bid on the note, does not affect the question of redemption.

III. The cause was heard by Judge SPENCER. At that time DeKalb county was a part of his circuit. After the decree was rendered by him and the motion for new trial entered, the motion was continued from time to time from October, 1888, until March, 1889. In the meantime DeKalb county had been taken from the twelfth circuit and attached to the twenty-eighth. But it appears from the record that Judge SPENCER was

holding the circuit court of DeKalb county at the March term, 1889.   When this motion was reached for disposition, the plaintiff objected to Judge SPENCER hearing it, for two reasons: *First,* because Judge GOODMAN was present in court "in apparent good health," and, *second,* because Judge SPENCER, as judge of the twelfth circuit, had no jurisdiction.

The only evidence offered in support of this objection was that Judge GOODMAN was present and apparently in good health.   No effort was made to show that Judge SPENCER had not been regularly requested by Judge GOODMAN to hold this term.   By section 3322, Revised Statutes, 1889, Judge GOODMAN was authorized to call Judge SPENCER to hold this term or any part of it, and in the absence of any showing to the contrary we will presume that he did.   *State v. Gamble,* 108 Mo. 500.   It was most natural and proper that he should have done so, in order to close up the business which was then pending, especially to pass upon motions for new trial and prevent the unnecessary delay and cost of second trials.   It is not for parties litigant to determine the condition of the judge's health, or his reasons for calling in another judge.   The law has vested that power in him.   *State v. Ulrich,* 110 Mo. 350.

We find no error in the record, and the judgment is affirmed.   All concur.