## THE STATE v. HALE et al., Appellants.

### Division Two, May 8, 1900.

1. **Admission While on Trial:** NODDING OF THE HEAD. No inference of guilt can be drawn from the silence of a defendant while on trial, nor his refusal to deny any charge made against him by any witness while his preliminary trial is in actual progress. Nor can the nodding of the head by the defendant, who otherwise remained silent when such charge was made, be taken as an admission or confession. The reason is that the defendant under such circumstances is not at liberty to speak. Nor is such error cured by restricting such evidence to the co-defendant who nodded the assent, where other defendants are being jointly tried for the same crime.

2. **Cross-Examination of Defendant:** SPECIFIC CRIMES. It is only where other specific crimes tend to throw light on the crime for which defendant is being tried that he may be impeached by proof of such other specific crimes. So that where he is being tried for burglary and robbery, it is error to permit the State on cross-examination to ask him if he had not previously pleaded guilty to an entirely different larceny.

3. **Alibi:** DEFENSE: INSTRUCTION. It is the burden of the State to show defendant's presence at the time and place of the crime. But if, in order to overcome the case made out by the State, the defendant assumes to show such a state of facts as would raise a reasonable doubt as to his presence, it is not error to tell the jury that alibi is a defense.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* and *B. J. Emerson* for appellants.

(1) Statements implicating a defendant are not admissible in evidence though made in his presence when the circumstances are such as not to require him to speak. State v. Young, 99 Mo. 674; State v. Glahn, 97 Mo. 694; State v. Mullins, 101 Mo. 516; 1 Vol. Greenleaf's Ev., (5 Ed.), sec.

197; State v. Howard, 102 Mo. 148; 3 Am. and Eng. Ency. Law (1 Ed.), 494. (2) It was improper to ask the defendants whether they had been charged with a former offense or convicted of an offense. State v. Bulla, 89 Mo. 598; State v. Taylor, 98 Mo. 240; State v. Warren, 57 Mo. App. 502; Kelley's Crim. Practice, 238; State v. Houx, 109 Mo. 663; State v. Smith, 125 Mo. 7; State v. Vandervort, 50 S. W. Rep. 892; Gardner v. Railroad, 135 Mo. 97; State v. Howard,102 Mo. 149. (3) There was no such contradiction in the testimony as to warrant instruction numbered 3 given by the court and even if there was it does not correctly state the law. White v. Lowenberg, 55 Mo. App. 69; Iron Mountain Bank v. Murdock, 62 Mo. 74; White v. Maxey, 64 Mo. 559; Link v. Harrington, 47 Mo. App. 267. (4) Instruction numbered 5 given by the court is erroneous. It tells the jury that one of the defenses is what is known as an alibi. An alibi is not a defense but it devolves upon the State to prove the presence of the defendant at the commission of the crime. Nor is such instruction cured by the giving of a proper instruction on the same subject for defendant. State v. Howell, 100 Mo. 663; State v. Woolard, 111 Mo. 256; State v. Moore, 117 Mo. 397; State v. Taylor, 118 Mo. 164; State v. Harvey, 131 Mo. 346.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

The objection to the evidence as regards what defendant did at the preliminary trial when he nodded his head in assent to a criminating fact is not well founded. The evidence was an admission of guilt and was also properly covered by instruction 6, given by the court of its own motion before the cause was submitted to the jury. State v. Patterson, 73 Mo. 695; State v. Hopkirk, 84 Mo. 278.

BURGESS, J.—Defendants were indicted in the circuit court of Polk county for burglary in the first degree.    Thereafter at the April term 1899 of said court they were put upon their trial, found guilty as charged, and their punishment respectively fixed at ten years' imprisonment in the penitentiary.    After unsuccessful motions for new trial and in arrest they appeal.

The facts briefly stated are, that on the night of October the 8th, 1898, and for many years prior thereto, Mrs. Martha A. Martin, an aged widow, lived comparatively alone upon a farm in said county.    She had no one living with her at the date named except a little girl, a sister-in-law of one of the defendants, who by her permission had gone to the house of one of the defendants to spend the night.    About half past ten or eleven o'clock that night, after Mrs. Martin had retired, two men appeared at the door of her house, and, upon the pretext by one of them that her daughter who lived in the neighborhood was very ill and had sent for her, requested her to open the door, and come with him, that he had brought a horse for her to ride, etc.    Mrs. Martin did not believe this story, and fearing some harm at their hands refused to open the door, whereupon they forced it open, seized her, choked her, and otherwise abused her, at the same time insisting that she had a large amount of money which she had received for some stock which she had recently sold, and they intended to have it.    She however had but a few cents about the house, not exceeding forty, which through their violence and threats they forced her to surrender to them.    The defendants lived near Mrs. Martin, she had known them since they were small boys and over twenty years, and testified that she recognized them at the time they broke into her house and robbed her, as the defendants herein.

The court at the request of the State and over defendant's objections gave instructions numbered one and two as asked by the State; which instructions are as follows:

State v. Hale.

"1.   The court instructs the jury, that if you believe and find from the evidence, beyond a reasonable doubt, that the defendants, at the county of Polk and State of Missouri, at any time within three years before the finding of this indictment, which was on the 21st day of October, 1898, did forcibly break the outer door of the dwelling house of Martha A. Martin, and enter said building, and at the time of such breaking and entering there was a human being in said building, and that the defendants did break and enter said building, with the intent to rob the said Martha A. Martin of any money or property that might be in said building, they will find the defendants guilty as charged in the indictment, and assess their punishment at imprisonment in the penitentiary for a term of not less than ten years.

"2.   The crime of robbery may be committed by taking the money or property of another, from his person or presence, forcibly and against his will, or by violence to his person, or by putting him in fear of some immediate injury to his person."

The court of its own motion instructed the jury as follows:

"1.   The law presumes the defendants' innocence until the State has proven their guilt beyond a reasonable doubt, and unless the State has so proven their guilt, you will acquit them.   But such a doubt, to authorize an acquittal on that ground alone, should be a substantial doubt of guilt, and not a mere possibility of their innocence.

"2.   You may find defendants both guilty or both not guilty, or you may find one guilty and the other not guilty, as you shall believe from the evidence the facts to be.

"3.   The jury are the sole judges of the weight of the evidence, and the credibility of witnesses.   And in passing upon the weight to be given to any witness's testimony the jury may consider the manner and deportment of the witness upon the stand, his means of knowing the facts of which he testifies, the interest, if any, he manifests, the interest, if any,

he has in the result of the trial, his relationship, if any, to any party interested in the result of the trial, the probability or improbability of his testimony being true, and other matters, that in the nature of things would add to or detract from the value of such witness's testimony. And if you believe that any witness has willfully testified falsely to any material matter in this case you should disregard such false testimony and you are at liberty to disregard the whole or any part of the testimony of such witness.

"4. The defendants are competent witnesses in their own behalf, and their testimony is to be received by you and weighed by the same rules as the testimony of any other witness. In passing upon what weight you will give to their testimony, you may take into consideration the fact that they are the defendants on trial, and their interest in the result of the trial.

"5. One defense in this case is what is known in law as an alibi, that is that the defendants were not present at the time and place of the commission of the offense charged in the indictment, if any such offense has been committed, but that they were at that time at another and different place. As to this defense you are instructed that it is not necessary for defendants to prove an alibi to your satisfaction beyond a reasonable doubt, nor by a preponderance of the testimony, but if, after a full and fair consideration of all the facts and circumstances in evidence, you entertain a reasonable doubt as to whether or not the defendants were present at the time and place of the commission of the offense charged in the indictment, if such offense has been committed by any one, it will be your duty to give the defendants the benefit of such doubt and acquit them.

"6. The testimony of the witnesses as to what occurred at the preliminary trial between Mrs. Martin and Robert Hale in relation to the pocketbook, should not be considered by you in passing upon the guilt or innocence of Fount Hale.

"7. The evidence as to Robert Hale having pleaded guilty to larceny should only be considered by you as affecting his credibility as a witness, and is of itself no evidence of his guilt in this case."

To which action of the court in giving said instructions the defendants then and there duly objected and excepted at the time.

At the request of defendant the court instructed the jury as follows:

"1. The court instructs the jury that the burden of proving the presence of the defendants or either of them at the time and place of the alleged burglary devolves upon the State, and the State must prove beyond a reasonable doubt that they were present at the time of the alleged commission of the offense. It does not devolve upon the defendants to prove that they were not present. So that, after a full and fair consideration of all the facts and circumstances in evidence, whether arising from the State's evidence or that adduced by the defendants, you have a reasonable doubt as to whether defendants were at the place of the alleged crime at the time of its commission, or were at another place, you are bound to give the defendants the benefit of such doubt and acquit them."

During the trial Ozias Hawkins, a witness for the State, was permitted to testify, over the objections of defendants, that during their preliminary trial for the same offense for which they were convicted, he was present, and that Mrs. Martin, who was sitting near one of the defendants while testifying as a witness in the case, pulled out her pocketbook and said to him, "here is the pocketbook I had my money in— Bob Hale don't you know that is the pocketbook," and that he nodded his head. In the admission of this evidence it is claimed that error was committed.

The objection to this evidence should have been sustained. The defendant to whom the remarks by Mrs. Martin

were addressed was then upon trial and in no position to make any denial as to what she said to him—and under such circumstances his silence was but his duty and no inference of guilt could be drawn therefrom. [State v. Young, 99 Mo. 666, and authorities cited.] The nodding of the head by R. C. Hale should not we think, be taken as an admission or confession by him that the pocketbook exhibited to him by Mrs. Martin was the one in which she had her money, and it is upon this theory alone that it was admissible for any purpose, for if he remained silent when it was not his duty to speak, no inference of guilt can be drawn therefrom.

In State v. Mullins, 101 Mo. loc. cit., 517, it is said: "The rule of evidence which allows the silence of a person to be taken as an admission or confession of the truth of the matters stated in his presence should be applied with caution, for it is often much abused. The rule is based upon the assumption that the party is at liberty to speak, and proceeds upon the ground that the circumstances are such as to call upon him for a reply. The rule has no application whatever to statements given in evidence in a judicial proceeding; for in such cases he is not at liberty to interpose and contradict the evidence when and where he pleases. [1 Greenl. Ev. (14 Ed.), sec. 197; 3 Am. and Eng. Ency. of Law, 494.]"

This error was not cured by restricting the evidence to the case against Robert Hale as was done by the State's sixth instruction.

During the cross-examination of the same defendant, who testified in behalf of himself and his co-defendant, he was asked, and required to answer over their objection, if he had not theretofore pleaded guilty to larceny or stealing a bee gum. While the defendant answered in the affirmative the offense had no connection whatever with the one for which he was upon trial. And it is only where other specific crimes tend to throw light on the crime charged, and for which a defendant is upon trial that he may be impeached by proof of

other specific crimes.    [State v. Vandiver, 149 Mo. 502, and authorities cited.]    It follows that the objection to the question should have been sustained, in which event there would have been no occasion for the State's seventh instruction.

There was no error in giving the third instruction on the part of the State.    The conflict in the evidence of Mrs. Martin and of Robert Hale fully justified it.

The State's fifth instruction is criticised upon the ground that it tells the jury that one of the defenses is what is known as an alibi, while the contention is, that an alibi is not a defense, but it devolves upon the State to prove the presence of the defendants at the commission of the crime.    While it is true that in order to convict the defendants it devolved upon the State to prove their presence at the time and place of the commission of the offense, yet in order to overcome the case made out by the State against them, they assumed the burden of showing such a state of facts as would raise in the minds of the jury a reasonable doubt as to their presence at the time and place of the commission of the offense, and to this extent an alibi was a defense.    Similar instructions have frequently met with the approval of this court.

The State's sixth and seventh instructions are also challenged, but as the evidence upon which they were predicated was improperly admitted they will not of course be given upon another trial.

There is nothing disclosed by the record upon which to bottom the motion in arrest.    The indictment is without serious objection, and the record in other respects free from error.

For these considerations we reverse the judgment, and remand the cause for further trial. *Gantt, P. J.,* and *Sherwood, J.,* concur.