Me. Justice Neil
delivered the opinion of the Court.
The plaintiff in error being on trial in the circuit court of McMinn county under a charge of selling intoxicating liquors within four miles of an institution of learning in violation of the statute against such acts, evidence was introduced, over his objection, as follows: On cross-examination he was asked if Joe Taylor did not testify before a United States commissioner in his presence and hearing that he had sold whisky to said Taylor, and further if he did not fail to go on the witness stand and deny it; also, the same question as to Ham Hacker; also, whether Ham Hacker had not téstified before a justice of the peace on a committing trial the. same thing in his presence, with a like failure on his part to go on the witness stand and deny it — to all of which questions he answered, “Yes.” On this evidence the trial judge charged the jury as follows:
“Gentlemen of the jury: I instruct you that it is competent in any case to prove that a statement has been made in the presence of the defendant, by which the defendant is accused of wrongdoing, and that the defendant admitted the truth of the statement or remained silent failing to deny it. And in this case if you should be satisfied from the evidence that witnesses at other trials had testified that the defendant did that which he now denies, and that he was present, and failed to then deny *4 the charge, this would he a circumstance which you could look to, giving to it such credit as you think it is entitled to as throwing light on the defendant’s guilt or innocence in the present case, but you cannot look to it for any purpose than those hereinbefore indicated.”
The evidence was incompetent, and the charge was erroneous. The rule that statements made in the presence of an accused person charging him with crime create a presumption against him, if not denied by him, does not apply to such statements made in the course of judicial proceedings. Bell v. State, 93 Ga., 557, 19 S. E., 244; State v. Mullins, 101 Mo., 514, 517, 14 S. W., 625; State v. Hale, 156 Mo., 102, 107, 108, 56 S. W., 881; Comstock v. State, 14 Neb., 205, 15 N. W., 355; People v. Willett, 92 N. Y., 29; Maloney v. State, 91 Ark., 485, 491, 121 S. W., 728, 134 Am. St. Rep., 83; Com. v. Zorambo, 205 Pa., 109, 54 Atl., 716; Broyles v. State, 47 Ind., 251; State v. Senn, 32 S. C., 392, 11 S. E., 292; State v. Boyle, 13 R. I., 537. If the party in question be on trial, he cannot thus be forced to give evidence against himself in violation of the constitutional guaranty which protects him against incriminating himself contrary to his will. If the trial in progress be one in which he is not directly concerned, as for example a coroner’s inquest, one of the cases above cited, he has no right to interfere or intrude therein, and is not called upon to speak, and his failure to speak cannot in subsequent direct proceedings against him afford any presumption of acquiescence. If in any former trial he was justified in refraining from speaking by the constitu *5 tional provision above referred to, be rightly refrained, and Ms conduct should not he used against him in any subsequent trial. To grant its use would practi-. eally nullify the constitutional provision. Therefore in no event is such evidence competent against him.
For the error indicated, the judgment of conviction will be reversed, and the cause remanded for a new trial.