EDWARD HARDY *vs.* JESSE HOYT.

Stockings and half-stockings made entirely of silk, imported from Liverpool in October, 1838, were exempted from the payment of duty, by the act of Congress passed March 2, 1833, entitled "An act to modify the act of the 14th July, 1832, and all other acts imposing duties on imports."

ON a certificate of division of opinion from the Circuit Court of the United States, for the southern district of New York.

This cause came before the Court on a certiorari to the Superior Court of the city of New York, the action being in assumpsit to recover from the defendant the sum of $148 29, received by him as collector of the port of New York, for duties on an importation of silk hose. The duty was levied at the rate of 25 per centum ad valorem, as "hosiery," under the 2d article of the 2d section of the act of Congress, approved July 14th, 1832, entitled "An act to alter and amend the several acts imposing duties on imports." The plea of non-assumpsit was pleaded by the defendant in bar of the action.

It being proved that the articles imported were stockings and half-stockings, made entirely of silk, and were imported from Liverpool, in England, in the ship St. Andrew, in the month of October, in the year one thousand eight hundred and thirty-eight, which port of Liverpool is a port this side of the Cape of Good Hope; the following point was presented, during the progress of the trial, for the opinion of the judges, on which the judges were opposed in opinion, viz.:

Whether the said silk hose was subject to the payment of the duty imposed on hosiery by the 2d clause of the 2d section of the act of July 14th, 1832, entitled, "An act to alter and amend the several acts imposing duties on imports."

Or whether, as manufactures of silk, not being sewing silk, they were exempted from the payment of duty by the 4th section of the act of March 2d, 1833, entitled, "An act to modify the act of the fourteenth of July, one thousand eight hundred and thirty-two, and all other acts imposing duties on imports," which declares that all manufactures of silk, or of which silk is the component material of chief value, coming from this side of the Cape of Good Hope, except sewing silk, shall be free.

Which point, upon which the disagreement has happened, under the direction of the judges of the said Court, at the request of the counsel for the parties in the cause, was ordered to be certified unto the Supreme Court of the United States, at the next session.

The case was submitted to the Court, on the argument in the case of Bend *vs.* Hoyt, by Mr. Raymond for the plaintiff, and Mr. Grundy, Attorney General, for the United States.

[Edward Hardy *vs.* Jesse Hoyt.]

Mr. Justice STORY delivered the opinion of the Court.

This case involves the second point, only, which has been just decided in the case of Bend *vs.* Hoyt; and, therefore, it is only necessary to say that it will be certified to the Circuit Court for the southern district of New York, that the silk stockings and half-stockings mentioned in the case, were exempted from duty on their importation, under the act of the 2d of March, 1833, ch. 384.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the southern district of New York, on the points and questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this Court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, this Court is of opinion, that the silk hose, as manufactures of silk, not being sewing silk, were exempted from the payment of duty, by the fourth section of the act of the 2d of March, 1833, entitled, "An act to modify the act of the 14th of July, 1832, and all other acts imposing duties on imports," which declares, that all manufactures of silk, or of which silk is the component material of chief value, coming from this side of the Cape of Good Hope, except sewing silk, shall be free of duty. Whereupon, it is ordered and adjudged by this Court, that it be so certified to the said Circuit Court, and that this case be remanded to the said Court, that further proceedings may be had therein according to law.