**STATE of Missouri, Respondent,**

**v.**

**Robert L. FRANKLIN, Appellant.**

**No. 54527.**

Supreme Court of Missouri,
Division No. 1.

Jan. 12, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

Jerry D. Perryman, St. Louis, for appellant.

WELBORN, Commissioner.

A jury in the St. Louis Circuit Court found Robert L. Franklin guilty of statutory rape. § 559.260, RSMo 1959, V.A.M.S. The court, acting under the Second Offender Act, fixed the punishment at five years' imprisonment. This appeal followed.

On October 24, 1968, the fourteen-year-old victim of the offense was returning to her residence in St. Louis at around 10:00 A.M. She met the defendant, whom she had known previously. Defendant inquired whether anyone was at the girl's house. When she told him no one was there, he requested her to take him to her house. The girl demurred and he told her "to just be quiet." The two entered the girl's apartment and over her protest the defendant had sexual intercourse with her.

The defendant left after about 20 minutes. The girl called her mother and told her what had occurred. Her mother came home and called the police. The girl told the police that Robert Franklin had committed the act, but she did not know his address. The girl was taken to City Hospital, where a test of a smear taken from her showed the presence of male spermatoza. Seminal stains were found on the panties worn by the girl.

The defendant testified and denied the charge. He acknowledged that he knew the girl by sight, but denied having been in her apartment on October 24, 1968. He testified that, from September to November, 1968, he was working at a boiler plant on the night shift and that he came home daily at about 7:00 A.M. and went to bed. The defendant's mother corroborated his testimony about his work and sleeping routine in October, 1968.

On this appeal, the allegations of error relate to the out-of-court identification of defendant by the girl. The girl told the police that Robert Franklin was the name of the person who had intercourse with her. Franklin was arrested on November 20, 1968. The police were unsuccessful in locating him until that date, although they found his residence and were there on several occasions in an effort to apprehend him. He was taken to the Third District Police Headquarters. The girl was called to the station and identified Franklin who appeared before her alone. The officer present at the time acknowledged that he had not advised the defendant that he had the right to have counsel present at the time of the confrontation with the girl.

Appellant filed a motion to suppress the in-court identification of the accused on the grounds that the pre-trial identification at the police station was unlawful and prejudicial to the defendant's rights. The court conducted a hearing at which the girl testified that she had known the defendant from having seen him and talked to him on at least four occasions prior to October 24, 1968; that she recognized him at the time of the occurrence in question and that she told police the name of the defendant.

The trial court found that in-court identification of defendant by the girl would be based on her acquaintanceship with the defendant prior to the occurrence and would not be based on the police station confrontation. He overruled the motion. The girl did, of course, identify defendant at the trial.

On this appeal, appellant contends that the police station identification of defendant by the girl in a face-to-face confrontation without counsel violated the requirements laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Stovall v. Denno, 38 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

■ There can be no doubt that Wade and Stovall do not preclude an in-court identification of a defendant, based upon observation of the suspect other than a line-up identification. United States v. Wade, 388 U.S. 240–242, 87 S.Ct. 1926. A clearer case of independent identification of an accused, apart from the line-up, than that here presented can hardly be imagined. The girl knew the defendant and told the police his name. Here in-court identification had, as the trial court found it would have, an independent basis and Wade and Stovall are not applicable. State v. Tehee, Mo.Sup., 445 S.W.2d 285, 286 [1]; State v. Mentor, Mo.Sup., 433 S.W.2d 816; State v. DeLuca, Mo.Sup., 448 S.W.2d 869, decided this date.

■ Defendant contends that the trial court erred in permitting the police officer to testify that the girl identified the defendant at the police station. Defendant acknowledges that no objection to such testimony was made at the trial. Nor was any such allegation of error contained in the motion for new trial. The matter is not, therefore, before us for review. Criminal Rule 27.20(a), V.A.M.R.

■ In view of the fact that defense counsel had previously elicited such testimony from the girl on cross-examination, we reject the suggestion that the matter should be considered under the plain error rule. Criminal Rule 27.20(c), V.A.M.R.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN, J., HENLEY, Alternate Judge, and LEWIS, Special Judge, concur.

SEILER, P. J., and STORCKMAN, J., not sitting.