**STATE of Missouri, Respondent,**

v.

**Milburn John SWEAZEA, Appellant.**

**No. 54833.**

Supreme Court of Missouri,
Division No. 1.

Dec. 14, 1970.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Alan G. Kimbrell, Clayton, for appellant.

SEILER, Presiding Judge.

This is an appeal from a jury conviction of first degree robbery with a 10 year sentence imposed by the court under Sec. 556.-280, the second offender act.

The state produced witnesses from which the jury could reasonably have found that defendant, using a gun, held up the attendant, Jack Wren, at a filling station in

St. Louis County around 5:00 a. m. on June 30, 1968, and made off with approximately $50. Defendant was arrested about 30 minutes later following a police radio broadcast describing the car used in the robbery and its occupants. Later in the day Wren identified defendant in a police lineup.

Defendant's pre-trial motions to suppress the in-court identification by Wren and to compel the disclosure of any information which would aid in the preparation of defendant's case were denied. Defendant pleaded not guilty. He testified that he did not rob the filling station; that he, his brother, and one Terry Lincoln, at about midnight, had been down on the Meramec River, south of St. Louis; they left the river sometime around or before 3:00 a. m. and drove to Wellston in St. Louis County to find defendant's other brother, but were unsuccessful and were on their way home when stopped by the police and arrested.

■ Defendant's first point is that the trial court erred in finding Sec. 556.280 [1], the second offender act, applicable whereby the punishment was fixed by the court rather than being assessed by the jury. Defendant points out that the certified copy of the circuit court judgment and sentence offered by the state to prove the prior conviction (occurring in 1966) shows only that defendant entered a plea of guilty to the crime of "Assaulting a Police Officer", which could fit either Sec. 557.215, a felony, or Sec. 557.220, a misdemeanor.[2] The second offender procedure, of course, applies only where there has been a prior offense punishable by imprisonment in the penitentiary. Defendant argues that it cannot be determined from the record produced whether defendant pleaded guilty to a felony or a misdemeanor; that this is not the strict construction which must be given a highly penal statute, State v. Wiley (Mo. Sup.) 412 S.W.2d 485. The circuit court

judgment also shows, however, that defendant was committed to the state department of corrections for a period of three years. The trial court in the case at bar solved the problem by reasoning, "You don't sentence people to the penitentiary for three years on a misdemeanor". We hold the prior judgment was sufficient on the point under attack. The statute defines a felony as " * * * any offense for which the offender, on conviction, is liable * * * to be punished with * * * imprisonment in a correctional institution of the state department of corrections * * *", Sec. 556.020. While the description of the crime committed, "Assaulting a Police Officer", was ambiguous, the punishment assessed, three years, was not and necessarily was for violation of Sec. 557.215, not Sec. 557.220. The situation is not as in Rush v. State (Mo.Sup.) 439 S.W.2d 504, and State v. Testerman (Mo.Sup.) 408 S.W.2d 90, where the sentence clearly exceeded the maximum allowed under the offense stated in the judgment. The trial court was correct in holding that the state had carried its burden of proving a prior conviction for which defendant could be and was given a penitentiary sentence.

■ Next, defendant contends the court erred in permitting the state to cross-examine defendant on his beer drinking prior to the robbery. The point is without merit, for the reason that at an earlier point in the cross-examination, when defendant was asked after he left the river to tell how he came into St. Louis and where he went, he started detailing his travels and at one place, relating about getting on the wrong street, volunteered, "I had been drinking quite a bit that night." This was the first such mention of drinking and, in this setting, the court did not err in permitting the state to question defendant about how much beer he consumed while at the river.

1. All statutory references are to RSMo 1969, V.A.M.S.

2. Rule 27.11, V.A.M.R., requires the clerk to enter the judgment and sentence on the minutes "stating briefly the offense for which such conviction shall have been had."

■ Defendant's next contention is that the court erred, after the state's main witness, filling station attendant Wren, denied he had ever been convicted of a crime, in not permitting defendant's counsel to cross-examine Wren on whether he had not testified at the preliminary hearing that he had been convicted of disturbing the peace. As the trial court pointed out in sustaining the state's objection, there was no showing whether the peace disturbance conviction was more than a mere city ordinance violation, so that no proper ground-work had been laid for the attempted cross-examination. The contention is overruled.

■ The defendant's fourth point pertains to error in overruling his motion to suppress testimony concerning the lineup and subsequent in-court identification by Wren, on the ground Wren was told in advance by the police that the person they knew committed the crime would be in the lineup, citing Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.[3] There was no one-to-one confrontation used here. There were five persons in the lineup, all white, all young men, three about defendant's height and two shorter. The state introduced a photograph of the lineup and it does not show an unfair positioning or centering of attention. Wren testified the police told him, when they called him to come to the station, they "had caught the boys—we have got him", that he would be "seeing some guys in a lineup" and "all I have to do is pick out the one, identify him * * *" However, there is an abundance of evidence in the record supporting Wren's in-court identification on the basis of what he observed of the defendant, at close range, under good lighting conditions, at the time of the robbery and also when defendant and his companions were at the station some 30 minutes or so before the

robbery. From this evidence there could be found a basis for Wren's in-court identification independent of any subsequent observation of defendant at the police lineup and the trial court did not err in overruling the motion to suppress, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; State v. Williams (Mo.Sup.) 448 S.W.2d 865.

■ Defendant's fifth point is that the court erred in overruling his motion for disclosure. The motion was for an order directing the prosecutor "to disclose to defendant's counsel all evidence material to guilt or punishment in his files, or otherwise known to him, which is or may be favorable to defendant". The court no doubt was of the opinion the motion was too broad and sweeping to be sustained under the present state of the Missouri law on discovery in criminal cases, State v. Coleman (Mo.Sup.) 441 S.W.2d 46; State v. Reynolds (Mo.Sup.) 422 S.W.2d 278, and State v. Swiggart (Mo.Sup.1970) 458 S.W. 2d 251. We agree.

■ The final point raised goes to instruction No. 4, which read: "The Court instructs the jury that you are not to consider the evidence of a former conviction of this defendant as any evidence at all of his guilt in this case; nor should you consider that, because of this former conviction, he was more liable to commit this offense, or, because of the prior conviction, he is probably guilty of this offense also. The only purpose that the former conviction has in this case is to show the fact of a former conviction of defendant for the purpose of testing his credibility as a witness and not as affirmative proof of the guilt of the defendant."

Defendant contends the instruction singled out defendant's credibility (defendant testified and on direct examination admitted the plea of guilty to the assaulting

3. No claim is made on this appeal of absence of counsel at the lineup. At the hearing before the court on the motion to suppress, defendant testified he was not advised of his right to counsel at the lineup, while two detectives testified to the contrary and that defendant said he did not want counsel.

**618**

a policeman charge earlier mentioned) and was a comment on the evidence. The decisions are against defendant's contentions. The most recent case on the issue is State v. Everett (Mo.Sup.) 448 S.W.2d 873, 878, where the court said: " * * * In this state it has been repeatedly held that where a defendant who testifies and previous convictions are shown, it is proper to instruct the jury that such convictions are not evidence of defendant's guilt but should be considered only as affecting his credibility as a witness * * *" See, also, State v. Sherry (Mo.Sup.) 64 S.W.2d 238, 239; State v. Adams, 339 Mo. 926, 98 S.W.2d 632, 638; State v. Ransom, 340 Mo. 165, 100 S.W.2d 294, 298–299, and State v. Johnson (Mo.Sup.) 55 S.W.2d 967, 968.

Judgment affirmed.

All of the Judges concur.