STATE of Missouri, Respondent,

v.

James Paul FRENCH, Appellant.

No. 56202.

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

**510**

———◆———

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Bell Fullwood, Wilson & Harris, by James A. Bell, Allen I. Harris, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from judgment and sentence of five years' imprisonment upon jury verdict finding James Paul French guilty of robbery in the first degree with a deadly weapon.

At around 4:20 P.M., November 24, 1969, two men entered Ray Swiggart's coin shop at 3469 Hampton Avenue in St. Louis. Another customer was in the store and the two men left, but returned after the customer left. The two men asked Swiggart for a coin book which he got and handed to the man later identified as appellant French. As Swiggart did so, the second man drew a gun and ordered Swiggart to go to the bathroom. Swiggart backed down a hallway, observing the intruders as he did so, and entered the bathroom and sat on the commode. While the other man held the gun on Swiggart, French returned to the store behind the counter.

Swiggart slammed the bathroom door shut, broke a window and climbed outside. Police were called to the scene. Swiggart found that approximately $200 in currency and coins were missing from the store. He gave the police a description of the robbers, describing French as wearing "flashy" clothes, about 40 years of age, and shorter and older than the other robber.

Between 4:30 and 5:00 P.M. on November 24, 1969, Dale Clouse, who resided at 6034 Fyler, four or five blocks from the coin shop, noticed three men in the alley behind his house. Clouse's suspicions were aroused and he watched two of the men go through a gangway between his house and the adjoining house to the street. He went to the front of his house where he saw, through a window, the two men from a distance of about five feet. They looked up and down the street and then went back to the alley. Clouse continued to watch them and saw one of the men place an object under a truck parked in the drive next door. The two waited a short time for the third and then all three left. Clouse went outside to the truck and saw a gun underneath the left rear wheel of the truck. The police were called to the scene and they photographed the gun under the truck and then took possession of it. Swiggart, at the trial, identified the pistol as looking the same as the one used in the robbery.

Within a few days after the holdup, police officers showed some twelve photographs to Swiggart and Clouse, separately. Swiggart picked out French's photograph as one of the robbers. Clouse picked out French's photograph as one of the men he saw in the circumstances stated above.

French was arrested in June and appeared in a three-man lineup at police headquarters on June 18, 1970. Swiggart and Clouse identified French at the lineup. They identified French at his trial and testified to their earlier photograph and lineup identification.

The first point on the appeal concerns the identification evidence. A motion was filed by defendant to suppress any identification testimony by Swiggart and Clouse on the

grounds that it was the product of a pre-trial confrontation which was unnecessarily suggestive. A hearing on the motion was held and at its conclusion the motion was enlarged to include objection to testimony regarding the lineup identification on the grounds that French was not represented by an attorney at that time. The trial court concluded that French had waived his right to an attorney at the lineup and that neither the lineup nor the photographic identification procedure was unnecessarily suggestive.

On this appeal, the appellant attacks the trial court's finding, but offers little of substance for its rejection. He says that there was "a basic unfairness in the identification procedures herein used. The witnesses were brought to the police station with the expectation of seeing the man who had robbed Coins Unlimited. They were allowed this viewing under highly suggestive circumstances." Other than stating that there was "great diversity of testimony as to the description of the other parties in the lineup," appellant does not enlighten us as to the "highly suggestive circumstances" of the lineup. Swiggart did not recall the other two persons in the lineup. Clouse said that the three were similar in physical characteristics. The police officer who conducted the lineup testified that the three resembled each other, physically and age-wise, with one of the three slightly smaller than the others. Both Swiggart and Clouse testified that no suggestions were made to them about the defendant at either the photographic or lineup identification. French did testify that the other two men in the lineup differed greatly in appearance. He said that he was 40 years of age, 5′ 11″ tall, weighing 186 pounds, and had a Van Dyke beard at the lineup. He said one of the other two was 6′ 6″, weighing 160 pounds, and the other 5′, weighing 150; neither had a beard.

■ The trial court, upon its hearing, resolved the conflict in evidence against appellant on the alleged suggestiveness of the lineup. We find no error in that ruling on the conflicting testimony. State v. Cannon, Mo.Sup., 465 S.W.2d 584, 586 [1].

Furthermore, both Swiggart and Clouse testified to an independent source of identification in the observation of French at the robbery, in Swiggart's case, and at his residence, in Clouse's case. Both testified to opportunity to observe French. Swiggart provided the police with a description of French, consistent with his actual appearance.

■ The evidence of the independent sources of identification by Swiggart and Clouse, apart from the photographic and lineup procedures, nullifies any objection to their in-court identification based upon the impropriety of the pre-trial identification. State v. Balle, Mo.Sup., 442 S.W.2d 35, 39 [1–3], [4]; State v. Cannon, supra.

■ The independent source of the witness's in-trial identifications would also obviate objection to such identifications based upon the lack of counsel at the lineup. However, the production by the state at the trial of evidence of the lineup identification calls into play the per se rule announced in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. The trial court found that French had been duly advised of his right to counsel and had waived such right. The evidence supports this finding. There was testimony that French was advised of his rights, including his right to counsel, before the lineup was held and that he acknowledged that he understood his rights but participated in the lineup without objection. The defendant's testimony was that he was not advised of his constitutional rights until after the lineup. Again, on the conflicting evidence, the trial court's finding cannot be held erroneous. State v. Cannon, supra. There was adequate evidence to support a finding that the defendant was advised of his rights and elected to waive them. State v. Summers, Mo.Sup., 445 S.W.2d 369, 371 [2].

Appellant objects to the trial court's overruling his motion for a continuance. The

trial began on September 29, 1970, with voir dire examination of a panel of prospective jurors. When court resumed the following morning, the jurors were selected and sworn. Then appellant moved orally for a continuance on the grounds that two prospective witnesses for the defendant were unavailable. According to defendant's counsel, the two were defendant's mother and his wife. The mother was unavailable because she had entered the hospital on September 27. Her testimony would have related to a report that she had given the police that she had reported defendant's auto stolen. The wife would have testified in support of defendant's alibi that he was with her in Michigan at the time of the robbery. Counsel stated that the wife had returned to St. Louis, but was out of town temporarily and unavailable.

■ There was no error in the trial court's ruling. The reason for the trial court's action was the untimeliness of the application for continuance. Coming as it did, after the jury had been sworn, the ruling cannot be said to have constituted an abuse of discretion. State v. Scott, Mo.Sup., 338 S.W.2d 873, 876. Failure to comply with the requirements of Supreme Court Rule 25.08(b), V.A.M.R., would also have justified the trial court's ruling. State v. Shaw, Mo.Sup., 357 S.W.2d 894, 895–896 [1]. The cases cited by appellant, involving adequate and timely application for continuance, are not here controlling. Such cases include State v. Maddox, 117 Mo. 667, 23 S.W. 771, McKay v. State, 12 Mo. 492, and State v. Warden, 94 Mo. 648, 8 S.W. 233.

Appellant finally contends that the trial court erred in overruling defense objections to testimony of the state's witnesses who described the clothing worn by appellant as "flashy." Swiggart testified that in his description to the police he stated that appellant was wearing "flashy" clothes. This was objected to as a conclusion and the objection overruled. Clouse described the clothing of the man he saw, later identified

as appellant, as "flashy." Again the use of the term was objected to as involving a conclusion and the objection overruled. Here, appellant contends that the use of the word "flashy" might have tended to prejudice the jury and that it would have been better had the witnesses described the clothing. In the case of Clouse, defendant's trial counsel accepted the trial court's invitation to inquire on cross-examination to ascertain the basis of the witness's use of the term "flashy" and obtained a description of the clothing worn by the man identified as French as being an orange pull-over shirt and bright green trousers. Thus, the description applied by both witnesses would not appear to have been inappropriate.

In any event, although a lay witness is generally restricted to testimony of facts observed or otherwise known by him, " * * * [T]here is a recognized difference between an objectionable opinion or conclusion of a witness on a material fact not the subject of proof by opinion evidence, and those answers of a witness concerning things difficult of description in which answers the witness uses language conveying his 'matter of fact', 'cause and effect' comprehension of things he has seen which were like those he had often theretofore personally observed in the ordinary experience of everyday life. Brawley v. Esterly, Mo.Sup., 267 S.W.2d 655; Annotation, 23 A.L.R.2d 112; Vol. VII, Wigmore on Evidence, 3d Ed., § 1924, pp. 22–23." State v. Ryan, Mo. Sup., 275 S.W.2d 350, 352 [2, 3].

■ Here the term used described merely the defendant's clothing. Today "flashy" attire is a common occurrence, and is not a mark of opprobrium. The utterance fell within the rule above cited. The attire of appellant was not a crucial issue. The trial court's overruling the objection, with the suggestion that defendant's counsel pursue the subject on cross-examination, if he wished, was not error. 31 Am.Jur.2d, Expert and Opinion Evidence, § 6, p. 500.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.