**STATE of Missouri, Respondent,**

v.

**Roy Junior RAMSEY, Appellant.**

No. 56758.

Supreme Court of Missouri, Division No. 1.

March 13, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Gary E. Haggerty, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, John J. Cosgrove, Staff Atty., of counsel.

WELBORN, Commissioner.

Appeal from 10-year sentence, entered on jury verdict on charge of robbery, first degree.

The charge arose out of a holdup of the 24th Street Cleaners in Kansas City at around 5:20 P.M., September 26, 1970. The owner of the business, John Dunfee, and Robert Olinger, an employee, were accosted by two men, carrying guns, who took $122 in cash and clothing valued at $300.

On September 28, 1970, appellant, Roy Junior Ramsey, and another person were arrested by Kansas City police in connection with a cleaning shop robbery that occurred on that date. On the evening of September 28, Dunfee and Olinger viewed a three-man lineup which included appellant and identified him as one of the men involved in the 24th Street Cleaners' robbery. An information charging appellant with that offense was filed October 16, 1970.

Appellant's counsel filed a motion to suppress "all evidence regarding the identification of the defendant by the witness" on the grounds that he had been identified by the victims of the crime "under circumstances which suggested to them that defendant was the assailant * * *." A hearing was held on the motion and it was overruled. At the trial, Dunfee and Olinger identified defendant and testified as part of the state's case in chief to their lineup identification of defendant. One of the police officers who conducted the lineup also testified to the lineup identification of defendant. No testimony was offered for the defendant. The jury returned a verdict of guilty and fixed the punishment at 10 years' imprisonment.

Appellant's first assignment of error is that the trial court erred in overruling his motion to suppress the identification testimony. Appellant's contention is based, in part, upon a claim of absence of counsel, not included in the grounds of the motion to suppress. Although defendant

testified that his request for counsel was denied, the state produced evidence of a waiver signed by defendant and of oral advice by police officers to defendant of his right in that regard, so that adequate basis for overruling the motion on that issue exists. State v. French, Mo., 476 S.W.2d 509, decided February 22, 1972.

On the issue directly raised by the motion, that the lineup was unnecessarily suggestive, the evidence showed that Dunfee was called by the police and told that they had two men who answered the description of the persons involved in the holdup. Dunfee viewed a three-man lineup. All three men were black. Number one was 24 years old, 5'9½" tall, weighing 185 pounds, with a mustache and beard. Defendant, 17 years old, 5'9" tall, weighing 157 pounds, without distinguishing facial characteristics, was the number two man in the lineup. Number three was 22 years old, 5'7" tall, weighing 140 pounds, with a mustache and beard.

 Appellant emphasizes the fact that defendant was cleanshaven whereas the other two men in the lineup had beards and mustaches as supporting his contention that the lineup was constitutionally unfair. However, given the assumption that such was the case, it does not follow that the identification testimony of the witnesses was required to be suppressed. At least, this in-court identification testimony was admissible if the state was able to show a basis for this testimony, independent of the lineup identification. State v. Sweazea, Mo.Sup., 460 S.W.2d 614, 617[4]; see State v. Dessureault, 104 Ariz. 380, 453 P.2d 951, 953–958; cert. den. 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257; State v. McConoughey, 282 Minn. 161, 163 N.W.2d 568; State v. Mustacchio, 57 N.J. 265, 271 A.2d 582, 584–587[1]–[2, 3]; United States v. Harris, 141 U.S.App.D.C. 253, 437 F.2d 686, 689[1, 2] [3, 4]. Here both witnesses had ample opportunity to see the robbers at the time of the holdup. The robbery occurred during daylight hours. The robber whom the witnesses identified as appellant made no effort to conceal his face. Olinger described him to the police as a dark-complected Negro, about 5'11" and weighing about 180 pounds. This description is not wholly foreign to defendant's actual 5'9" height and 157-pound weight. Dunfee acknowledged that his description to the police was not "very good." He stated, however, that he made a practice of looking at the faces of customers carefully (the man identified by Dunfee as defendant posed as a customer when he entered the store) in order to be able to recognize them later. He stated that he recalled defendant from the robbery and identified him on that basis. The state's evidence also showed that no suggestion was made by the police to the witnesses that defendant was "the man." As an additional factor, the lineup was held within approximately 50 hours of the robbery, so that the witnesses' recollection of their assailants would have been comparatively fresh. Under these circumstances, the trial court did not err in its ruling on the motion to suppress the in-court identification. State v. Sweazea, supra.

Appellant did not in the trial court nor has he here sought to distinguish between the in-court identification and the testimony offered by the state of the lineup identification. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, establishes a difference in the admissibility of evidence in those respects insofar as the lineup involves the constitutional guaranty of right to counsel under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Under Gilbert the evidence of the identification at a lineup, illegal under Wade, is per se inadmissible. Here the waiver takes the case out of the Wade rule. Appellant has not attempted to demonstrate that a similar per se rule as to lineup identification is applicable where the lineup is unnecessarily suggestive, and violative of due process, under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.

Ed.2d 1199. See Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230, 1237 [3], cert. den. 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567. This court will not pursue the question, sua sponte.

■■ Appellant contends that the principal instruction was erroneous because it called for the jury to find that the robbery was committed by defendant and one Anthony Thompson, acting jointly. The contention is that the instruction refers to an offense other than that charged in the information, which charged only defendant with the robbery. Although defendant was charged separately, there was no error in submitting the joint action shown by the evidence. State v. DeShon, 334 Mo. 862, 68 S.W.2d 805, 809–810[8, 9]; State v. Stanton, Mo.Sup., 68 S.W.2d 811, 812[4, 5]. Appellant also argues that the reference to Thompson was error because there was no evidence who the accomplice was. There was no identification at the trial of the accomplice. The pretrial hearing referred to Thompson as the person arrested with defendant. However, the identity of the accomplice was not material. The reference to Thompson was surplusage and lack of evidence to identify the accomplice was harmless error. State v. Foster, Mo.Sup., 438 S.W.2d 176, 178–179[3]; State v. Tucker, 333 Mo. 171, 62 S.W.2d 453, 456[6].

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and SMITH, Special Judge, concur; BARDGETT, J., not sitting.