STATE of Missouri, Respondent,

v.

Chester WARD, Appellant.

No. 35836.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 7, 1975.

**334**

———◆———

John C. Danforth, Atty. Gen., Preston Dean, and Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Patrick J. Hitpas, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Michael C. Horn, and Henry J. Rieke, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Judge.

A jury convicted defendant on two counts of first-degree robbery. The trial court denied defendant's motion for new trial and sentenced him to consecutive twenty-five and ten-year terms. Defendant appeals, contending the trial court erred in giving a prejudicial credibility instruction (Instruction # 7) and denying a pre-trial motion to suppress identification testimony. Neither contention has been preserved for review, and we affirm.

■ Defendant's sole objection to Instruction # 7 was this broad statement: "The Court erred in giving and reading to the jury all the instructions except Instruction No. 6, for the reason that said instructions were vague, ambiguous, erroneous, confusing, misleading and were mis-statements of the law and did not state correctly the law applicable to the case and were not supported by the evidence." Such a statement preserves nothing for appellate review. State v. Butler, 353 S.W.2d 698 [4–6] (Mo.1962). Rule 27.20(a), V.A.M. R., requires the motion for new trial to "set forth in *detail* and with *particularity* . . . the *specific* grounds or causes therefor." (Our emphasis).

■ We are not persuaded giving Instruction # 7 was plain error resulting in a "manifest miscarriage of justice." Rule 27.20(c), State v. Patterson, 443 S.W.2d 104 (Mo. banc 1969). Repeated use of the words "his or her" was not inappropriate under the circumstances and did not direct undue attention to the sole female witness. In a similar case, State v. Brown, 270 S. W. 275 (Mo.1925), the court approved such an instruction.

■ The question of unfair identification testimony is not before us. After defendant's pre-trial motion to suppress was denied defense counsel extensively cross examined witnesses about circumstances surrounding their identification of defendant. Counsel did not object during trial to allegedly unfair identification procedures; he therefore has preserved nothing for review. State v. Brownridge, 459 S.W.2d 317[8] (Mo.1970).

Judgment affirmed.

DOWD, C. J., and WEIER and RENDLEN, JJ., concur.