STATE of Missouri, Plaintiff-Respondent,

v.

Samuel SMITH, Jr., Defendant-Appellant.

No. 35795.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 26, 1975.

**958**

Charles D. Kitchin, Public Defender, David M. Adams, Howard Paperner, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant was convicted by a jury of robbery by means of a dangerous and deadly weapon and upon the jury's inability to agree on punishment was sentenced by the court to seven years imprisonment. He appeals.

No question of the sufficiency of the evidence is raised. The victim of the robbery was in his apartment when he was held up by three men with guns. He was bound and gagged and was in the presence of the robbers 45 to 50 minutes. He identified defendant as one of the robbers and testified he had seen defendant once before the robbery when he let him into the apartment house to visit an apartment. One other witness identified defendant as one of three men she saw leaving the victim's apartment shortly before the robbery was discovered. She also had seen defendant before.

Defendant's only point on appeal is that a pre-trial confrontation was unduly suggestive and led to irreparable mistaken identity and therefore the court erred in failing to suppress the in-court identification. Defendant made no objection to the evidence of the pre-trial identification itself. It was upon defendant's cross-examination of the victim that the fact was first brought out to the jury that a pre-trial identification was made.

If independent grounds for the in-court identification exist, it is not error to permit such in-court identification, even in cases where the pre-trial confrontation is suggestive. See *State v. Carey*, Mo., 486 S.W.2d 443[2–4]. The court held a hearing to determine whether an independent basis for the victim's identification existed. The victim had seen defendant once before the robbery and was in a position to view him during much of the 45 to 50 minute period of the robbery at close range. The lighting was good and the description of defendant's clothing given by the victim matched that of the other witness. The second witness saw defendant after he was arrested for a second crime and she volunteered that he had committed the robbery. Her identification and volunteered statement were not the product of any police arranged confrontation. Immediately following the witness' volunteered statement, defendant was taken to the victim's apartment where he immediately and without hesitation identified defendant. This confrontation occurred six weeks after the robbery and was a one on one confrontation in the presence of the police. While the circumstances warrant a conclusion the confrontation was suggestive, that alone does not preclude an in-court identification. The evidence clearly demonstrates that the identification at trial was based upon substantial independent grounds and was not tainted by the pre-trial confrontation. The court did not err in permitting the in-court identification. See *State v. Sweazea*, 460 S.W.2d 614[4] (Mo. 1970); *State v. Tehee*, 445 S.W.2d 285[1] (Mo.1969).

Judgment affirmed.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.