**STATE of Missouri, Respondent,**

v.

**Clifford L. BISHOP, Appellant.**

**No. KCD 27433.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 3, 1975.

Thomas M. Larson, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

The defendant was convicted by a jury of stealing over $50.00. The jury was unable to agree upon a punishment, and the defendant was sentenced by the court to three years in the Missouri Department of Corrections.

The record reveals that while working as a night watchman at the downtown Kansas City, Missouri Macy's store on the morning of July 4, 1972, Kenneth Kiniry saw the defendant loading several men's suits into the trunk of a gray automobile, parked at the curb of Baltimore Avenue near the store entrance. It was about 6:00 a. m. and daylight. The watchman became suspicious when the defendant quickly entered the automobile and drove away, and as the car was leaving, he noted its license plate number. He then discovered that the glass door at one of the store's entrances was shattered. Several men's suits, valued at $1,314.64, and some cassette tapes were la-

ter found to be missing. The license number the watchman had noted was later found to be registered to a 1965 blue Chevrolet Impala owned by the defendant's mother. This car was searched, and several pieces of broken glass were discovered in the trunk. A chemist, who compared those pieces of glass with pieces of glass from the shattered door, found that some of the pieces from the trunk of the car matched those from the door as to color, thickness, specific gravity, and refraction index.

Kiniry testified he had a clear view of the defendant from his position inside the store and saw him from both the side (profile) and front (full face) views. He described his appearance, physique and wearing apparel. Subsequent to the occurrence, Kiniry made a lineup identification of defendant at police headquarters, but a motion to suppress this identification, urged by defense counsel, was sustained by the trial court.

However, the trial court overruled defendant's motion to suppress Kiniry's in-court identification of the defendant, and such identification was made and Kiniry was subjected to a very probing and vigorous cross-examination, directed toward the end of discrediting the credibility of his identification of defendant.

 On this appeal, the defendant's single claim of error is that, because the watchman did not have a sufficient independent basis for identification of the defendant, untainted by a suppressed lineup identification, the trial court erred in denying his motion to suppress the watchman's in-court identification of the defendant. In order for a defendant to properly preserve a claim that a trial court has erroneously denied a motion to suppress in-court identification testimony, he must object to the introduction of the challenged testimony at trial. *State v. Franklin,* 448 S.W.2d 583, 584[2] (Mo.1970); *State v. Brownridge,* 459 S.W.2d 317, 320[8] (Mo.1970); *State v. Ward,* 518 S.W.2d 333, 334[3] (Mo.App. 1975); *State of Missouri v. Brown,* 527 S.W.2d 15 (Mo.App., decided August 4, 1975). This, the defendant failed to do, and therefore, his claim of error is not properly preserved and is not before this court for review.

■ After examining the transcript and the authorities cited in the briefs, the court is convinced that the evidence in the record supports the jury's verdict; that no error of law appears; and that an extended opinion would have no precedential value. Rule 84.16(b).

Accordingly, the judgment is affirmed.

All concur.