STATE of Missouri, Plaintiff-Respondent,

v.

Edwin L. SCOTT, Defendant-Appellant.

No. KCD 27606.

Missouri Court of Appeals,
Kansas City District.

Feb. 9, 1976.

Motion for Rehearing and/or Transfer
Denied March 3, 1976.
Application to Transfer Denied
April 14, 1976.

Henry H. Fox, Jr., James N. Cameron, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant appeals a conviction of robbery in the first degree. He was sentenced by the court under the Second Offender Act to 35 years imprisonment. Defendant urges error in overruling a motion to suppress identification testimony, and error in the verdict-directing instruction. The judgment is affirmed.

Since no issue is made with respect to the submissibility of the case, a short statement of the facts will suffice. On January 18, 1974, defendant entered Harold's Furniture Store. A clerk, Bertha Graves, waited on him, and as she displayed to him the end tables he had asked to see, they traversed the length of the well-lighted store. She watched him and saw his face at a distance of no more than three feet. At the rear of the store, she turned away for a moment, and she heard a click, defendant then saying, "this is a hold up." When Graves asked the defendant, "is this for real?" defendant put a "gun to her head" and said, "What do you think, bitch, get on up there and get the money." They then again traversed the length of the store to the front where defendant took $100 from a drawer. They then returned to the rear of the store where the defendant locked Graves in a bathroom and escaped. Ten days later, Mrs. Graves and her husband stopped at a service station. While in the station, Mrs. Graves saw the defendant standing next to

a gasoline pump. She immediately recognized him as the man who had robbed the furniture store. As their eyes met, the defendant stepped back behind a pump, and Mrs. Graves "scooted" down in the seat. When her husband returned to the car, Mrs. Graves told him of her recognition of the defendant. At about this time, the defendant entered his car and "backed out real fast." Mr. Graves pursued the defendant and obtained a license number. They gave the license number to Mrs. Graves's boss at the furniture store, who reported it to the police. Later that evening, Mrs. Graves was taken to police headquarters for the purpose of attending a lineup. While she was waiting outside an office, the defendant, in the custody of a police officer, walked into the area where she was. Mrs. Graves instantly recognized him as the man who had robbed her and threw her hands over her face "to try to keep him from seeing me." After the confrontation, Mrs. Graves was sent home without viewing a lineup.

Defendant filed a pre-trial motion to suppress any evidence of identification made prior to trial, as well as in-court identification on the ground that the confrontation had been unduly suggestive. A hearing was held, and the motion was overruled. At trial, Mrs. Graves testified without objection that she was positive the defendant was the man who had robbed her, that he was the man she had seen in the gas station, and that he was the man she had seen in the hallway at the police station. Defendant's first point is that the trial court erred in overruling his motion to suppress Mrs. Graves's identification testimony because the accidental confrontation at the police station was so suggestive and conducive to mistaken identification that appellant was denied due process of law.

■ It is apparent that this point is not properly before this court for review because defendant failed to object to Bertha Graves's identification testimony at the trial. For a defendant to preserve such a charge of error, he must object to the challenged testimony when proffered at trial. *State v. Franklin*, 448 S.W.2d 583 (Mo. 1970); *State v. Brownridge*, 459 S.W.2d 317 (Mo.1970); *State v. Ward*, 518 S.W.2d 333 (Mo.App.1975); *State v. Brown*, 527 S.W.2d 15 (Mo.App.1975); *State v. Bishop*, 529 S.W.2d 165 (Mo.App.1975); and *State v. McFadden*, 530 S.W.2d 440 (Mo.App.1975).

Although the point is not properly before the court for routine review, the defendant attempts to raise the spectre of manifest injustice by claiming that in overruling his motion to suppress, the court committed a plain error prejudicial to his rights. On its face, this claim is without merit because the facts simply fail to demonstrate that the trial court erred in any way by overruling the motion.

■ Considering first the admission in evidence of the testimony of Bertha Graves and the officer as to the confrontation and identification at the police station, a review of the evidence adduced on the motion to suppress demonstrates that there was nothing suggestive about the accidental confrontation between the witness and the defendant. The witness was apprehensive when requested to come to the police headquarters for the lineup. She was assured that she would not have to personally confront the suspect but "would be in the audience." The "suggestion" was that she would not have anticipated the confrontation that occurred. There was nothing to suggest to her that the defendant would be brought past her in the hallway. Her identification was spontaneous and without any shadow of suggestion.

The facts here are markedly similar to those found in *State v. Summers*, 445 S.W.2d 369 (Mo.1969), where an accused was inadvertently brought into the presence of a witness who spontaneously identified him. The language of the Supreme Court is apropos, l.c. 371:

"First, on the record before us, there was nothing staged, contrived or guided about the confrontation or identification

which occurred when the detectives brought defendant with them into the business premises of the Housing Authority. It was only by coincidence the police had the man with them and that Miss Gatewood happened to see and recognize him as the robber. Assume she had been walking down the street and happened to see the defendant in the police car with the detectives, waiting at a traffic signal, recognized him and then informed the police. There is no difference in principle. We do not have here a ' * * * confrontation compelled by the State between the accused and the victim or witnesses to a crime to elicit identification evidence * * *.' "

■ The other branch of the motion and defendant's argument is that the confrontation at the police station tainted the in-court identification. Assuming *arguendo* that the confrontation between defendant and the victim was suggestive, it is simply not error for a trial court to permit in-court identification if independent grounds for the in-court identification exist. *State v. Smith*, 526 S.W.2d 957 (Mo.App.1975), held that although it was suggestive for the police to take a suspect to the victim's apartment for confrontation and identification, the witness's in-court identification was based upon substantial independent grounds and was not tainted by the pre-trial confrontation. In the case at bar, it is clear that Bertha Graves had an ample independent basis for her very positive in-court identification. She testified that she had a clear and continuous "look" at the defendant as, within three feet of one another, they traversed the length of the store before the robbery. Moreover, she watched the defendant closely during the robbery and was able to accurately describe his features, his clothing, and his actions. It is clear from the facts that after the robbery started, she and defendant traversed the store twice again, once to get to the front to get the cash, and once again for the robber to lock her in the restroom. Given this ample basis for in-court identification,

it is clear that defendant's first point is without merit.

■ Defendant's second assignment of error is that Instruction 5 is erroneous as not supported by the evidence. The instruction required a finding that the money stolen belonged to one Harold Trammell and was taken with intent to deprive him of his property, but the evidence did not prove Trammell owned the money. The instruction is MAI–CR 7.60, but the directions of the pattern instructions were not followed in the third paragraph by inserting the name of the victim. Instead, the name of the purported owner was inserted. Generally, an instruction broader than the evidence or at variance with the charge is improper. But the error may be harmless when a defendant's cause is not prejudiced.

In *State v. Batchelor*, 418 S.W.2d 929 (Mo.1967), the information charged ownership in Eisberg, d/b/a Medical Arts Pharmacy and robbery committed upon an employee Rogers. The instruction required a finding of robbery of Rogers and failed to require any finding as to Eisberg, d/b/a Medical Arts Pharmacy. Nevertheless, the instruction was held sufficient because it accomplished its purpose—to insure a finding that ownership was not in the accused, that the accused did not convert his own property, that he had notice of the offense and that subsequent prosecution would be barred (l.c. 930–931).

In *State v. Tucker*, 333 Mo. 171, 62 S.W.2d 453 (1933), there was no evidence that more than defendant and one other person were connected with a burglary and larceny. The instruction said "and another person or persons." There was no prejudice in the words "or persons" "even though these words made the instructions broader than the evidence" because it was indisputable that defendant and one other person were connected. So also, where an information charged only the defendant with robbery, but an instruction called for a finding that defendant and a named individual acted jointly, it was not material

that no evidence established the named individual as the accomplice. Lack of evidence of a specific person's involvement as the joint participant was harmless error. *State v. Ramsey*, 477 S.W.2d 88 (Mo.1972).

In *State v. Davis*, 482 S.W.2d 486 (Mo. 1972), the information charged a purse was taken from Debra, but the proof showed that at the time of the robbery Jessie was in possession of and surrendered the purse. The instructions required a finding that the purse was taken from Jessie. Since the instructions also called for a finding of taking from the presence of Debra, no prejudice resulted. "The jury was required to find the essential taking from the presence of Debra, along with the other elements of violence and putting in fear. The required additional finding of taking from the person of Jessie was surplusage, having no bearing on the proof of the offense charged and in no manner burdening the defense of the cause." (l.c. 488).

In the instant case, there was no proof that Harold's Furniture was the business of Harold Trammell. Instruction 5 was in this respect broader than the evidence. However, there was no prejudice to defendant's cause. There was proof that the money was taken from Harold's Furniture and that the money was taken from the person in charge, Bertha Graves, against her will.

█ The location of the money in the drawer of a desk upon the premises of Harold's Furniture is sufficient to permit the inference that it belonged to Harold's Furniture. *State v. Harris*, 452 S.W.2d 577 (Mo.1970). That inference in addition to the manner of taking provides proof that the defendant was not the owner. The instruction, therefore, insured a finding that ownership was not in the accused, that he did not convert his own property, that he had notice of the offense charged and that subsequent prosecution would be barred. That is the rationale for requiring proper instructions. *State v. Batchelor, supra.* Instruction 5 accomplished that purpose in spite of the surplus words "Harold Tram-

mell, d/b/a." This additional language in the instruction was broader than the evidence, but like the additional language in *Tucker* and *Ramsey*, the error was harmless. As in *Davis*, the essential elements of the offense were proved, and defendant's defense was not burdened. The surplus words in instruction 5 are not prejudicial and do not require reversal.

█ The second branch of defendant's attack on the instruction is, as it is understood, a contention that since there was no proof that the property belonged to Harold Trammell, there could be no intent on the part of the defendant to deprive Trammell of the property. The argument assumes, as the defendant boldly asserts, that proof of ownership is an essential element of robbery. As shown by the cases cited, the fact is otherwise. What is required is the intent to take from another property in which the "taker" has no right. As shown above, the inference is clear the defendant was not taking his own property, but that of another with intent to deprive the property right of another. Such is sufficient to submit the ultimate fact of defendant's criminal intent. The submission of the fact of the property's ownership was surplusage. The instruction read without the words, "Harold Trammell d/b/a," would have been totally supported by the evidence and contained all the essential elements of the offense.

The judgment is affirmed.

All concur.