**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Tony Rozell TERRY,
Defendant-Appellant.**

No. 41293.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

J. Justin Meehan, Kenneth R. Singer, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Lisa M. Camel, Paul M. Spinden, Jay D. Haden, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant appeals from his conviction by a jury of two counts of robbery in the first degree by means of a dangerous and deadly weapon, § 560.120 and § 560.135, RSMo 1969, and two counts of armed criminal action, § 559.225, RSMo Supp.1976, and from judgment sentencing him to imprisonment for terms of five years on each count of robbery in the first degree and terms of three years on each count of armed criminal action, all terms to run consecutively. We affirm in part and reverse in part.

Because defendant has not challenged the sufficiency of the evidence to support his conviction and, the record shows, admitted his participation in the crimes, the following recitation of the facts will be brief. Evidence supporting the verdict shows that on October 6, 1977, defendant Terry, James Stone, and William Foster[1] went to the Field Station, U.S. Post Office, in St. Louis. Defendant and Stone forced a post office motor vehicle operator to gain entrance through the rear door of the station. Defendant was armed with a .22 caliber pistol supplied to him by Foster. When the two entered the building, they instructed all the employees to lie on the floor and took their wallets. The postal supervisor was ordered to open the safe. Defendant and Stone removed a money order machine, a package of money orders, and more than $3,700. They left to meet Foster, who was waiting for them outside.

They returned to Foster's house and attempted to use the money order machine but discovered the validation plate required for operation was missing. They planned another post office robbery to obtain a validation plate. Thus, on October 27, 1977, defendant and Stone entered the Broadway Station. Stone was armed with a .38 caliber weapon, but he soon handed it to defendant. Again the employees were ordered to lie on the floor, and their wallets and watches were taken. The acting manager was ordered to open the safe. Ten books of stamps, a money order validation plate and $179 were taken. As he and Stone were leaving, defendant fired a shot into the wall. After an investigation, defendant was arrested at his mother's home where he lived. Pursuant to a valid search

1. See *State v. Foster*, 608 S.W.2d 476, 479–480 (Mo.App.1980).

warrant as well as the written consent of defendant's mother, postal inspectors discovered at the home a money order machine and thirteen hundred money orders which had been stolen in the Field Station robbery. Defendant testified in his own behalf and admitted participation in both robberies.

Defendant first contends that the trial court erred in submitting Instructions No. 12 and 14,[2] both verdict directors, because the instructions concerned robbery from an individual (a postal employee at the Broadway Station) but the indictment charged robbery from the U.S. Post Office. Defendant argues that this variance confused the jury and violated defendant's constitutional right to know the charge against him.

Count III of the indictment charged that defendant "did feloniously and willfully rob, steal, take and carry away one hundred seventy-nine dollars and seventy-four cents and ten books of thirteen cents stamps, the property of UNITED STATES POST OFFICE, in the care and custody of CARLTON PLEASANT. . . ." (Emphasis in original.) Count IV charged defendant with armed criminal action arising from his activity as described in Count III.

2. "*Instruction No. 12*:
   'As to Count III, if you find and believe from the evidence beyond a reasonable doubt:
   First, that on October 27, 1977, in the City of St. Louis, State of Missouri, Carlton Pleasant owned a watch and United States currency, and
   Second, that at that time and place the defendant or another took the property from Carlton Pleasant against his will by causing him to fear immediate injury to his person, and
   Third, that the defendant or another took the property with the intent to permanently deprive Carlton Pleasant of the property and to convert it or any part of it to the use of the defendant or another, and
   Fourth, that the defendant acted either alone or knowingly and with common purpose together with another in the conduct referred to in the above paragraphs,
   Then you will find the defendant guilty under Count III of robbery in the first degree.
   However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty under Count III of that offense.

"Generally, an instruction . . . at variance with the charge is improper. But the error may be harmless when a defendant's cause is not prejudiced." *State v. Scott*, 534 S.W.2d 537, 540[4] (Mo.App.1976). So it was here. Defendant was acquitted of Count III and, therefore, suffered no prejudice. If the variance misled the jury, as defendant argues, the jury was misled in favor of defendant.

Additionally, we note that defendant failed to preserve this alleged error for review. His point relied on does not seek review pursuant to the plain error doctrine, Rule 27.20(c), now Rule 29.12(b), and the court declines to review it sua sponte under that doctrine where, as here, clearly no prejudice was manifest.

With respect to Count IV, we note that defendant was not convicted of armed criminal action under Count IV. Thus, he was not subject to imprisonment on that charge and he suffered no prejudice. The first point is ruled against defendant.

Defendant's second and final point contends that defendant, a juvenile aged 17 years old at the time of commission of these offenses, was improperly certified to stand trial as an adult on Counts II, IV, VI, VIII.

If you do find the defendant guilty under Count III of robbery in the first degree, you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than five years nor more than life imprisonment.'
MAI–CR 7.60 (Modified by 2.12) Submitted by State."
"*Instruction No. 14*:
   'If you do find the defendant guilty of robbery in the first degree under Count III, you must then consider whether he is also guilty of the crime of armed criminal action under Count IV.
   As to Count IV, if you find and believe from the evidence beyond a reasonable doubt:
   First, that the defendant, acting with another, committed the offense of robbery in the first degree, as defined in Instruction No. 12, and
   Second, that the defendant committed the offense of robbery in the first degree through the aid or use of a dangerous and deadly weapon, to-wit: a pistol,
   Then you will find the defendant guilty under Count IV of armed criminal action. . . .'
Not in MAI Submitted by State."

These Counts charged defendant with armed criminal action. Defendant was found not guilty on Counts IV and VI, but was convicted on Counts II and VIII. The court sentenced defendant to three years' imprisonment on each Count (II and VIII) to be served consecutively. We reverse defendant's convictions on Counts II and VIII based on the holding in *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) and *State v. Haggard*, 619 S.W.2d 44, 49–50 (Mo. banc 1981). In so reversing we note that our decision is not predicated on the alleged impropriety of defendant's certification to stand trial as an adult. In light of the *Sours* and *Haggard* cases, it is not necessary for us to address the issue of certification.

Judgment is reversed in part, so that defendant's term of imprisonment is reduced by six years, and affirmed in part.

DOWD and STEWART, JJ., concur.